■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD P. POOLER, Appellant.— Appeal from a judgment of the County Court of Broome County, rendered June 11, 1971, convicting defendant on his plea of guilty of murder. On December 16, 1970, Nellie Green was murdered at her Binghamton home and, since it was known that defendant was a former roomer there, had been released from the Attica Correctional Facility that same day and had written to decedent during his incarceration, four Binghamton policemen, on December 18, 1970 at about 7:45 P.M., went to defendant's apartment in Johnson City to bring him to headquarters for questioning. Defendant indicated he would accompany the police to answer questions and offered no objection to the taking of certain of his clothes along with them. After being advised of his *Miranda* rights and of the charge under investigation and after having signed a *Miranda* warning report which was filled out, defendant was questioned for about three hours during which he detailed his movements following his release from Attica, including admissions of the theft of $20 from a woman on the bus ride from Attica and two trips to Cortland without notifying his parole officer. He indicated to the police that he had been released from Attica with $46, but his purchases of new clothes and transportation required greater funds. Stains were found on this clothing which appeared to consist of blood. At about 11:00 P.M. defendant asked to see the District Attorney who talked with defendant for approximately an hour. During this period defendant denied any implication with the murder but agreed repeatedly to finish the last 10 months of his sentence at Attica for parole violations if they would leave him alone on the murder charge. Defendant was then booked as a parole violator. Bart Maloney, defendant's parole officer, had informed Captain Vanderbeck of Binghamton on December 18, 1970, before defendant was picked up, that defendant had violated his parole and, on the morning of the next day, told the Captain to charge defendant with such a violation. On said next day, December 19, at 12:55 P.M. a violation of parole warrant was issued for defendant by a parole officer, Captain Vanderbeck began questioning defendant about 12:30 P.M. and by 3:00 P.M. defendant had confessed to the murder, same having been later reduced to writing. At a *Huntley* hearing held on June 9, 1971, defendant's motion to suppress the confession was denied, and two days later defendant entered a plea of guilty to the charge of murder. Defendant now urges, in substance, that his arrest or detention on a parole violation charge was illegal, citing section 216 of the Correction Law, that there were no other legal grounds for detaining him, and that consequently his confession, taken during the course of or being at least the product of an illegal detention, was inadmissible. Where there are conflicting inferences to be drawn from the proof, the choice of inferences is for the trier of the facts, to whom great deference is extended (*People* v. *Yukl*, 25 N Y 2d 585, 588, cert. den. 400 U.S. 851), and that choice is to be honored unless unsupported as a matter of law (*People* v. *Leonti*, 18 N Y 2d 384, 390, cert. den. 389 U.S. 1007). Although the

alleged illegality of defendant's detention on the parole violation charge was a circumstance to be weighed in determining the voluntariness of his confession (cf. *People* v. *Carbonaro*, 21 N Y 2d 271, 277–278; *People* v. *Zakrzewski*, 36 A D 2d 646; *People* v. *Clemmons*, 32 A D 2d 936), our review is limited to the question of whether there was sufficient evidence to support the court's finding (*People* v. *Boone*, 22 N Y 2d 476, 483, cert. den. 393 U.S. 991), which question must here be answered in the affirmative. A rather lengthy colloquy in the record reveals that the hearing judge did in fact consider the subject of the legality of defendant's detention. Judgment affirmed. Staley, Jr., J. P., Greenblott, Cooke, Kane and Main, JJ., concur.