THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD CHAFFEE, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered October 7, 1975, convicting defendant, upon his plea of guilty, of the crime of arson in the third degree and sentencing him as a predicate felony offender to an indeterminate term of imprisonment of not less than three years nor more than six years. The Chemung County Grand Jury, by an indictment dated December 5, 1974, accused the defendant of the crime of arson in the third degree. Defendant moved to suppress certain oral incriminatory statements made by him on December 2, 1975 to an Elmira City Police Officer. The Chemung County Court, after holding a *Huntley* hearing on March 19, 1975, June 17, 1975 and July 17, 1975, found the oral statements were voluntary and admissible at trial against defendant and denied defendant's motion to suppress. On September 12, 1975 defendant pleaded guilty to the charge of arson in the third degree. On October 7, 1975, defendant pleaded guilty to a second felony offender information charging·him with having been convicted on March 28, 1974 in the Chemung County Court of the crime of arson in the second degree. Defendant was thereupon sentenced as a predicate felony offender to imprisonment to an indeterminate term of not less than three years nor more than six years. On this appeal defendant claims that the trial court erred in denying his motion to suppress his incriminating statements and that the sentence was harsh and excessive. We find no merit in these claims. The record supports the trial court's determination that the statements were voluntarily made. As defendant testified at the *Huntley* hearing, the trial court had the opportunity of observing his demeanor. Great deference is extended to the determination of the trial court and must be honored unless unsupported as a matter of law *(People v Pooler,* 41 AD2d 1011, affd 34 NY2d 772). Defendant claims for the first time on this appeal that his *Miranda* rights were inadequately explained to him. The record shows that defendant failed at the suppression hearing to preserve the error he now asserts. This contention cannot be asserted for the first time on this appeal *(People v Tutt,* 38 NY2d 1011). The trial court sentenced defendant as a second felony offender to the minimum sentence authorized under the circumstances (Penal Law, § 70.06). Defendant's contention that the sen-

tence imposed was excessive is without merit. Judgment affirmed. Kane, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.