■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRISWOLD, Appellant.—Appeal from a judgment of the County Court of Tioga County, rendered October 14, 1977, upon a verdict convicting defendant of the crime of arson in the second degree. The indictment against defendant contained two counts of murder in the second degree, intentional murder and felony murder, and one count of arson in the second degree. He was acquitted of intentional murder, the jury could not agree on the accusation of felony murder, and he was found guilty of arson in the second degree. These charges arose out of the demise of his 84-year-old aunt who was bludgeoned to death in the vicinity of her trailer residence during the evening of November 18, 1976. Defendant was found guilty of setting fire to this trailer at a time when the victim had retired and the door of the trailer had been bolted from the outside to prevent her escape. The aunt managed to exit the trailer through a window, but was greeted with several blows to the head, inflicted by an iron pipe, which caused injuries culminating in her death. Several issues are raised on this appeal, none of which, in our view, merit a reversal of the judgment. It is defendant's primary contention that certain oral and written statements, as well as certain items of physical

evidence, were obtained from him in violation of his constitutional rights. The statements given by defendant were the subject of a pretrial *Huntley* hearing. We agree with the trial court, and subsequently the jury, that they were voluntarily procured after the defendant had been advised of the *Miranda* warnings (see *People v Chaffee,* 55 AD2d 736). The search of defendant's home was likewise proper under the circumstances presented and, in any event, defendant never raised the issue in the trial court. Defendant's guilt was established beyond any reasonable doubt and the sentence was plainly not excessive. We have examined the defendant's other arguments and find them to be without merit. As to the issue of double jeopardy should a retrial of the felony murder count occur, we express no opinion on the present appeal (CPL 450.10, 450.15). Judgment affirmed. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.