(April 14, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WATSON, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered June 25, 1985, upon a verdict convicting defendant of the crimes of assault in the first degree, burglary in the first degree and robbery in the first degree.

At about 2:30 A.M. on November 5, 1984, Adolf Wipper, then 81 years old, was robbed and severely beaten about the head and face by an unidentified assailant at his apartment in the Village of Catskill, Greene County, where he lived alone. The police were summoned by another resident of the apartment, James Moore, who removed Wipper to the hospital, and, armed with the information from Moore that defendant had been in Wipper's apartment at about 7:15 P.M. the evening before, soliciting work painting his apartment, began their search for the assailant. The police officers were instructed to question anyone found walking the streets in the area. Defendant was observed walking in the general area at about 4:30 A.M. and asked to come to police headquarters for questioning. He agreed to accompany the officers and, upon arrival, was given his *Miranda* warnings, waived his right to counsel and gave a written statement admitting being in Wipper's apart-

ment at about 7:15 P.M. on November 4, 1984, but denying any criminal activity other than purchasing marihuana from Moore prior to going to Wipper's apartment, stating that he had been at his sister's thereafter until 4:30 A.M. the following morning. Later in the day, information contradicting defendant's statement was obtained by the police and further questioning ensued which resulted in defendant's written statement, wherein he admitted participating in the assault and robbery, but only as a lookout for Andre Alexander, the actual perpetrator of the crimes. Alexander denied this accusation and, pursuant to a plea bargain wherein he was sentenced to one year in the county jail on a reduced charge, testified at trial that it was defendant who administered the actual beating to Wipper and committed the burglary and robbery.

On this appeal, defendant contends that the statements obtained from him should be suppressed. In our view, the police were justified in stopping defendant for questioning under the circumstances presented *(see, People v Cantor,* 36 NY2d 106), since the information in their possession certainly provided reasonable suspicion that defendant was involved in the Wipper incident *(see,* CPL 140.50; *People v De Bour,* 40 NY2d 210, 220; *People v John BB.,* 81 AD2d 188, *affd* 56 NY2d 482, *cert denied* 459 US 1010). Furthermore, the record demonstrates, as found by County Court and the jury, that the questioning of defendant at the police station was voluntary, noncustodial *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851) and after defendant had been advised of his *Miranda* rights *(see, People v Prochilo,* 41 NY2d 759; *People v Chaffee,* 55 AD2d 736). We find no error in County Court's rulings regarding the scope of the cross-examination of Alexander as it related to his plea bargaining, as, in our view, all the relevant circumstances therein were fully disclosed to the jury. Similarly, we find no grounds for reversal presented by defendant's *pro se* brief.

Judgment affirmed. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.