▇ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH MORRIS, Appellant. [670 NYS2d 828] —Judgment, Supreme Court, New York County (Antonio Brandveen, J., at suppression hearing; Michael Corriero, J., at dismissal and resubmission motions, jury trial and sentence), rendered May 3, 1995, convicting defendant of robbery in the second degree (two counts) and attempted robbery in the second degree (two counts), and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life, unanimously affirmed.

Defendant's motion to dismiss the ultimate indictment in this case was properly denied. Contrary to defendant's argument, we conclude that after the court dismissed the initial indictment for legal insufficiency and, upon court-authorized resubmission the Grand Jury voted no true bill, the court, properly exercising its discretion under CPL 190.75 (3), lawfully authorized another resubmission. Although that statute limits the People to a single resubmission following a dismissal

by the Grand Jury, the court properly refused to count the first dismissal toward that limitation. Following the People's initial presentation to the Grand Jury in this case, an indictment was voted. Since the first Grand Jury thus accepted, rather than rejected, the People's evidence, "the reason to invoke the limitation [of CPL 190.75 (3)] no longer exists" (*People v Cade*, 74 NY2d 410, 418). We find nothing in *Cade* to support defendant's argument that a dismissal by the court for insufficiency of evidence should be governed by CPL 190.75 (3) rather than CPL 210.20 (4), which does not limit the People to a single resubmission. The court properly ruled that since the Grand Jury's initial rejection of the People's evidence occurred when it voted no true bill on February 17, 1994, the court retained discretion to grant the People's application to resubmit the charges again, based upon the availability of a witness who would provide new evidence (*People v Montanez*, 90 NY2d 690, 693). Since the People in fact produced the promised new evidence, which resulted in a vote of a true bill, the court properly refused to dismiss the ultimate indictment (*People v Martin*, 71 AD2d 928). We note that CPL 190.75 (3) does not limit the court's discretion to situations where the People make a showing of newly discovered evidence (*cf., People v Washington*, 125 AD2d 967, *lv denied* 69 NY2d 887).

Defendant's motion to preclude statements for lack of notice pursuant to CPL 710.30 (1) (a) was properly denied. Assuming arguendo, that under the unusual circumstances the preclusion issue was not waived by defendant's suppression motion, we conclude, as found by the court, that the statements not specifically included in the People's statement notice were nevertheless admissible pursuant to that notice, because the additional statements were made in the same brief communication to a police officer as the statement set forth in the People's notice and were entirely consistent with the noticed statement (*compare, People v Martinez*, 203 AD2d 212, *with People v Greer*, 42 NY2d 170, 178-179). Defendant received a full opportunity to be heard on the voluntariness of the statements, all of which were clearly spontaneous.

The court's limitation on impeachment of a People's witness was an appropriate exercise of discretion, affording defendant ample opportunity to challenge the witness's credibility based upon relevant prior bad acts (*see, People v Ocasio*, 47 NY2d 55, 59).

Defendant's current claims regarding various comments made by the prosecutor in summation are unpreserved and we decline to review them in the interest of justice. Were we to

review them, we would find that there was no pattern of inflammatory remarks or egregious conduct on the part of the prosecutor, and no basis for reversal (*People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.