OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was charged with two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). Because the evidence before the Grand Jury was not legally sufficient to establish the offenses charged, Supreme Court dismissed the indictment pursuant to CPL 210.20 (1) (b), granting leave to
 
 *910
 
 resubmit to another Grand Jury. Upon a second presentation, which included two additional charges for attempted robbery (Penal Law §§ 110.00, 160.10 [1], [2] [b]) and the testimony of an additional witness, the Grand Jury voted no true bill. The People moved for leave to resubmit to another Grand Jury, advising that defendant’s friend, who had already pled guilty in connection with the crimes, would be willing to testify. The court granted leave, and the Grand Jury this time indicted defendant on all charges. Defendant moved to dismiss the indictment, alleging that presentation to a third Grand Jury violated CPL 190.75 (3). Both Supreme Court and the Appellate Division rejected this argument, as do we.
 

 At common law, a prosecutor could repeatedly resubmit charges to Grand Juries until an indictment was obtained
 
 (People v Cade,
 
 74 NY2d 410, 414;
 
 People v Wilkins,
 
 68 NY2d 269, 273). To address the potential for prosecutorial abuse, the Legislature enacted several provisions in the Criminal Procedure Law which “insulate the Grand Jury process from the excesses which would flow from domination by a prosecutor”
 
 (People v Wilkins, supra,
 
 68 NY2d, at 273). Among these provisions is CPL 190.75 (“Grand Jury; dismissal of charge”). CPL 190.75 governs only Grand Jury dismissals, limiting the number of times the People can resubmit once a Grand Jury has dismissed charges. Specifically, CPL 190.75 provides that if a Grand Jury dismisses a charge against a defendant, the People can resubmit only after obtaining permission from the court, and if the charge “is again dismissed, it may not again be submitted to a grand jury” (CPL 190.75 [3]).
 

 By contrast, CPL 210.20, governing judicial dismissals, provides without qualification that where a court dismisses an indictment based on insufficiency of the evidence it “may, upon application of the people, in its discretion authorize the people to submit the charge or charges to the same or another grand jury” (CPL 210.20 [4]). In that discretionary judicial dismissals do not present the same potential for prosecutorial abuse, and are subject to their own check of appellate review, the provision for judicial dismissals does not limit the number of resubmissions.
 

 CPL 190.75 (3) and 210.20 are thus separate statutory provisions addressing separate legislative concerns. There is no basis for defendant’s contention that the People are limited to “a maximum of two bites at the apple,” whether dismissals are
 
 *911
 
 the result of Grand Jury action or court orders.
 
 *
 
 Here, dismissal of the first indictment was court-ordered pursuant to CPL 210.20, not a Grand Jury dismissal that implicates the limitations imposed on resubmission pursuant to CPL 190.75 (3). Thus, the People’s single resubmission after the Grand Jury dismissed the charges was consistent with the law.
 

 Defendant’s remaining arguments are without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.
 

 *
 

 Defendant misplaces reliance on a single, acontextual sentence in
 
 People v Cade (supra,
 
 74 NY2d, at 418), stating that limitation on resubmission “applies to cases in which the Grand Jury or court has rejected the People’s evidence.” The Court makes clear today, as it did in the holding of
 
 Cade
 
 itself, that CPL 190.75 (3) applies solely to Grand Jury dismissals, not court-ordered dismissals.