■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYATT MCMAHON, Appellant. [719 NYS2d 23] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered December 22, 1997, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree (2 counts), and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, 2 to 4 years and 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence. "Given that defendant was in possession of the stolen property while he was engaged in [a struggle with the victim], the jury was entitled to infer that his purpose in using force was to retain control of the stolen property, not merely to escape or defend himself" (*People v Brandley*, 254 AD2d 185, *lv denied* 92 NY2d 1028). Moreover, the fact that defendant continued to hold onto the stolen items as he fled further undermines his claim that he used force only to free himself from the victim.

The court's *Sandoval* ruling, which suppressed much of defendant's extensive criminal record, balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459).

The court's summary denial of defendant's application for assignment of new counsel was appropriate. Defendant made this application for the first time after a jury had been selected and preliminary instructions given. He offered only conclusory statements about counsel's purported deficiencies.

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Nardelli, Ellerin, Wallach and Rubin, JJ.