■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE WILLIAMS, Appellant. [723 NYS2d 909] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion to suppress evidence of his flight based upon the absence of a warrant and the lack of geographic jurisdiction by City of Rochester police officers when they arrested defendant in Virginia. We disagree. Defendant did not allege that the police lacked probable cause to arrest him, and thus there is no basis for his contention that

a warrant was required (*see, United States v Watson*, 423 US 411, 417-419, *reh denied* 424 US 979). In addition, the arrest was lawful because the police officers "retained the power as private citizens to place [defendant] under arrest" (*Hall v Commonwealth*, 12 Va App 559, 563, 389 SE2d 921, 924; *see, Tharp v Commonwealth*, 221 Va 487, 490, 270 SE2d 752, 754; *see generally, United States v Di Re*, 332 US 581, 589).

The court properly denied defendant's request for a missing witness charge with respect to three uncalled witnesses. Although defendant met his initial burden with respect to one of the uncalled witnesses, the People demonstrated that the witness would not be expected to testify in their favor and thus that the witness was not under their control (*see, People v Gonzalez*, 68 NY2d 424, 428-429). Defendant did not meet his initial burden with respect to the two remaining uncalled witnesses (*see, People v Gonzalez, supra*, at 427; *People v Hayes*, 261 AD2d 872, 873, *lv denied* 93 NY2d 1019).

The verdict is not against the weight of the evidence. Upon our review of the record, we cannot say that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495). The court properly declined to charge manslaughter in the second degree (*see*, Penal Law § 125.15 [1]) as a lesser included offense of murder in the second degree (Penal Law § 125.25 [2]). The evidence at trial established that defendant intentionally shot the victim in the head at close range. Thus, there is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater (*see*, CPL 300.50 [1]; *People v Butler*, 84 NY2d 627, 631). The sentence is neither unduly harsh nor severe.

Defendant's remaining contentions are not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Smith, J.—Murder, 2nd Degree.) Present—Green, J. P., Hurlbutt, Scudder, Burns and Lawton, JJ.