■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER CORCOS, Appellant. [732 NYS2d 562] —Judgment, Supreme Court, New York County (Herbert Altman, J., at hearing; Edward McLaughlin, J., at jury trial and sentence), rendered June 14, 2000, convicting defendant of robbery in the second degree, and sentencing him to a term of 8½ years, unanimously affirmed.

The court properly modified its *Sandoval* ruling after defendant opened the door to questioning about a prior robbery committed in Canada by asserting that he was not predisposed toward stealing (*People v Fardan*, 82 NY2d 638; *People v Veneracion*, 268 AD2d 363, *lv denied* 94 NY2d 926; *People v Rivera*, 251 AD2d 142, *lv denied* 92 NY2d 985). Even assuming that defendant's Canadian case resulted in a disposition equivalent to New York's youthful offender treatment, a fact not clearly established on the record, the People properly used the underlying facts of that case for purposes of impeachment (*People v Cook*, 37 NY2d 591, 595). There is no evidence that Canadian law was violated by anyone in the process by which the People obtained information about the prior case.

The record does not support defendant's contention that he was excluded from a sidebar conference at which the *Sandoval* modification was discussed. In any event, any such exclusion would have been justified since the issue addressed therein was a legal issue about which he could have no input (*People v Rodriguez*, 85 NY2d 586). Contrary to defendant's arguments on appeal, the facts surrounding the Canadian case were fully explored at the original *Sandoval* hearing, at which defendant was present.

Since defendant proceeded with a suppression hearing with respect to his statements, any alleged deficiency as to notice was excused (CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903; *People v Merrill*, 87 NY2d 948). The hearing court's conclusion that the statements made by defendant on the way to the precinct were spontaneous is supported by the record.

The record fails to support defendant's claim that he was sentenced without a presentence report notwithstanding that

he refused to be interviewed by the Probation Department. We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Lerner, JJ.