■ The People of the State of New York, Respondent, v David Garcia, Appellant. [735 NYS2d 545] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered January 6, 1998, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree (two counts), criminal possession of stolen property in the fifth degree and criminal trespass in the second degree, and sentencing him, as a second felony offender, to two concurrent terms of 2 to 4 years, consecutive to two concurrent terms of one year, unanimously affirmed.

Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered May 6, 1998, convicting defendant, after a jury trial, of three counts of burglary in the third degree, and sentencing him, as a second felony offender, to two concurrent terms of 3½ to 7 years, consecutive to a term of 3 to 6 years, unanimously affirmed.

The verdict convicting defendant of credit card related crimes was based on legally sufficient evidence and was not against the weight of the evidence. The evidence clearly established that defendant possessed stolen credit cards. The cards were admitted in evidence and, by examining them and the terms stated thereon, the jury could readily determine the issuer and holder of the cards, as well as the nature of the cards (*People v Johnson*, 214 AD2d 478, *lv denied* 86 NY2d 736; *People v Davis-Ivery*, 158 AD2d 959, *lv denied* 75 NY2d 965). The circumstantial evidence rendered unnecessary the testimony of the holder or the issuer of the cards.

Defendant's claim that a missing witness charge should have been given with respect to the holder of the credit card is unavailing since his testimony would have been cumulative (*see, People v Gonzalez*, 68 NY2d 424). The holder's identity and ownership of the cards was established by circumstantial evidence at trial. In any event, were we to find any error, we would find it to be harmless since defendant was given ample

latitude on summation to comment on the complainant's absence, and there was overwhelming evidence of defendant's guilt.

With respect to defendant's burglary convictions, the People provided notice, pursuant to CPL 710.30, of four written statements made by defendant to the police, and an additional oral statement made to the prosecutor, but did not mention an oral statement made to the police. Defendant's motion to preclude the oral statement he made to the police on the ground of lack of CPL 710.30 notice was properly denied. Such ground had been waived since defendant was granted a suppression hearing at which defendant received a full opportunity to be heard on the voluntariness of all of his written and oral statements (*see*, CPL 710.30 [3]; *People v Merrill*, 87 NY2d 948; *People v Morris*, 248 AD2d 169, 170, *affd* 93 NY2d 908). Moreover, defendant received sufficient notice of the oral statement at issue since it was made in the same interview as the written statements and was consistent with them (*People v Morris, supra*; *People v Martinez*, 203 AD2d 212). In any event, were we to find any error, we would find it to be harmless (*see*, *People v Ventura*, 250 AD2d 403, *lv denied* 92 NY2d 931), particularly since defendant was acquitted of the charge involving that statement. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.