■ The People of the State of New York, Respondent, v Jerry Jones, Appellant. [750 NYS2d 299] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered January 4, 1999, convicting defendant, after a jury trial, of robbery in the second degree (two counts) and fraudulent accosting, and sentencing him, as a persistent felony offender, to concurrent terms of 16 years to life on each robbery conviction and one year on the fraudulent accosting conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence established that, immediately after defendant and his accomplice completed a larceny by tricking the victim into giving them her diamond bracelet, they used force for the purpose of retaining the bracelet (*see* Penal Law § 160.00 [1]). Defendant did not use force solely to facilitate his escape; on the contrary, he used force to retain control of the bracelet and to fight off the victim's efforts to reclaim it as he fled (*see People v Straker*, 291 AD2d 246, *lv denied* 98 NY2d 713; *People v McMahon*, 279 AD2d 272, *lv denied* 96 NY2d 803; *Matter of Deidra J.*, 243 AD2d 276).

Defendant's claim that the People failed to prove that the victim sustained physical injury, as required by Penal Law § 160.10 (2) (a), is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was ample evidence that the victim suffered the requisite impairment of physical condition or substantial pain (*see People v Guidice*, 83 NY2d 630, 636).

Defendant's procedural challenges to his adjudication as a persistent felony offender are unpreserved (*People v Proctor*, 79 NY2d 992; *People v Oliver*, 63 NY2d 973), and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant's adjudication complied with the statutory requirements (*see People v Bouyea*, 64 NY2d 1140). The People introduced competent evidence of defendant's prior felony convictions (*see* CPL 60.60 [2]). Defendant's claim that the court was unfairly predisposed toward adjudicating him a persistent felony offender is unsupported by the record.

The court properly exercised its discretion in adjudicating defendant a persistent felony offender and we perceive no basis

for reducing the sentence. Concur—Williams, P.J., Ellerin, Rubin, Marlow and Gonzalez, JJ.