■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERA, Appellant. [761 NYS2d 217] —Judgment, Supreme Court, New York County (Laura Drager, J., at suppression hearing; John Cataldo, J., at jury trial and sentence), rendered August 2, 2000, convicting defendant of grand larceny in the second degree and attempted grand larceny in the second degree and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 3 to 6 years, respectively, unanimously affirmed.

The hearing court properly denied defendant's motion to preclude statements on the ground of a discrepancy, with respect to the time and place of the statements, between the suppression hearing testimony and the People's CPL 710.30 (1) (a) notice. Given the facts of the case, as relevant to the suppression issue, this discrepancy was not significant and the delayed disclosure did not affect defendant's ability to litigate the issue. "Since the defendant here moved to suppress the [statements] and received a full hearing * * * any alleged deficiency in the notice provided by the People was irrelevant" (*People v Kirkland,* 89 NY2d 903, 905 [1996]; *see also People v Garcia,* 290 AD2d 299 [2002], *lv denied* 98 NY2d 730 [2002]; *People v Morris,* 248 AD2d 169, 170 [1998], *affd* 93 NY2d 908 [1999]; CPL 710.30 [3]).

The court properly denied defendant's suppression motion. Rather than being "obtained" by the police in any manner, the statements at issue were entirely spontaneous. The detective did not ask defendant any questions, or do anything that could be considered the functional equivalent of interrogation, and at one point he warned defendant that he should stop talking about the case. The police are not required "to take affirmative steps, by gag or otherwise, to prevent a talkative person in custody from making an incriminating statement" (*People v Rivers,* 56 NY2d 476, 479 [1982]).

After sufficient inquiry and opportunity for defendant to be heard, the court properly admitted evidence of a prior bad act on the ground that defendant had opened the door to this evidence (*see People v Rojas,* 97 NY2d 32 [2001]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.