■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ONORATI, Appellant. [789 NYS2d 138]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered June 2, 2003, convicting defendant, after a

jury trial, of robbery in the third degree, two counts of grand larceny in the fourth degree, and three counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of $2^{1}/_{2}$ to 5 years, unanimously affirmed.

The verdict was based on legally sufficient evidence. The jury could have reasonably concluded that defendant used force to simultaneously flee from the victim and to retain the stolen property, and that his actions constituted force within the meaning of the robbery statute (*see e.g. People v McMahon*, 279 AD2d 272 [2001], *lv denied* 96 NY2d 803 [2001]; *People v Thomas*, 226 AD2d 120 [1996], *lv denied* 88 NY2d 886 [1996]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). When defendant's direct testimony created an impression that he had a peaceable, nonviolent disposition, the court properly modified its ruling to permit inquiry as to two incidents where defendant menaced other persons with dangerous instruments (*see People v Fardan*, 82 NY2d 638, 645-647 [1993]). Concur—Tom, J.P., Andrias, Friedman, Sullivan and Nardelli, JJ.