■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ECHEVARRIA, Appellant. [794 NYS2d 15]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered November 15, 2002, convicting defendant, after a jury trial, of murder in the first degree and two counts of murder in the second degree, and sentencing him to an aggregate term of 34 years to life, unanimously affirmed.

The court conducted a sufficient inquiry regarding an issue of possible juror misconduct raised by a note from the deliberating jury (*see People v Rodriguez*, 71 NY2d 214, 219 [1988]). The court properly exercised its discretion as to the scope of such an investigation when it asked each juror a detailed series of questions that adequately addressed the content of the note, while cautiously avoiding inquiry as to the jury's deliberations and thought processes or the unnecessary creation of further problems (*cf. People v Owens*, 292 AD2d 218 [2002]). The court's inquiry led to unequivocal and credible assurances, made by all the jurors, of their fairness and ability to continue serving.

The court properly declined to submit manslaughter in the first and second degrees as lesser included offenses. There was no reasonable view of the evidence, viewed most favorably to defendant, that he acted with anything less than intent to kill the two victims. The nature and multiplicity of the wounds defendant inflicted upon each victim, as well as defendant's overall course of conduct, negated any reasonable view that, by reason of intoxication or otherwise, he only acted recklessly or with intent to cause serious physical injury (*see People v Butler*, 84 NY2d 627 [1994]).

The court properly declined to deliver a circumstantial evidence charge, since his admissions constituted direct evidence (*see People v Rumble*, 45 NY2d 879 [1978]).

In the particular circumstances of this case, when the court accepted a partial verdict of guilty of second-degree murder, this did not constitute an acquittal of first-degree murder under CPL 300.40 (3) (b) and 300.50 (4). The second-degree murder charges were not submitted to the jury as inclusory concurrent counts of the first-degree murder charges. The court did not submit these counts in the alternative, and it did not convey to the jury in any manner that second-degree murder was a lesser included offense of first-degree murder (*compare People v Fuller*, 96 NY2d 881 [2001]).

The record fully supports the court's exclusion of defendant from the courtroom during certain portions of the trial, and we reject defendant's arguments concerning this issue (*see Illinois v Allen*, 397 US 337 [1970]). Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Friedman, JJ.