THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO B. RODRIGUEZ, Appellant. [804 NYS2d 160]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered April 26, 2002. The judgment convicted defendant, upon a jury verdict, of attempted assault on a police officer, reckless endangerment in the second degree, criminal mischief in the third degree, criminal mischief in the fourth degree, escape in the third degree and aggravated harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, attempted assault on a police officer (Penal Law §§ 110.00, 120.08) and aggravated harassment in the second degree (§ 240.30 [1]), defendant contends that County Court erred in refusing to suppress "everything that followed" his warrantless arrest. We reject that contention. The record establishes that defendant was arrested after step-

ping out of his house onto the front porch of his house and, contrary to the contention of defendant, his warrantless arrest outside his house or at the threshold thereof did not violate his Fourth Amendment rights (*see People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Brown*, 13 AD3d 1194, 1195 [2004], *lv denied* 4 NY3d 828 [2005]; *see also People v Roe*, 73 NY2d 1004, 1006 [1989]). Also contrary to defendant's contention, the police had probable cause for the arrest based on the formal criminal complaint of defendant's wife (*see People v Alston*, 59 AD2d 766 [1977]; *see also People v Soto*, 279 AD2d 592 [2001], *lv denied* 96 NY2d 788 [2001]).

We further conclude that the court properly refused to preclude evidence of a certain statement of defendant that was not set forth in the CPL 710.30 notice. The court conducted a suppression hearing at which defendant had a full opportunity to be heard concerning the voluntariness of the statement (*see* CPL 710.30 [3]; *People v Morris*, 248 AD2d 169, 170 [1998], *affd* 93 NY2d 908 [1999]; *People v Rivera*, 306 AD2d 186, 187 [2003], *lv denied* 100 NY2d 598 [2003]; *People v Garcia*, 290 AD2d 299, 300 [2002], *lv denied* 98 NY2d 730 [2002]).

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the ruling constitutes an abuse of discretion (*see People v O'Connor*, 19 AD3d 1154 [2005]; *People v Brown*, 16 AD3d 1102, 1103 [2005]; *People v Englert*, 285 AD2d 987 [2001], *lv denied* 97 NY2d 655 [2001]). In any event, we conclude that the court did not abuse its discretion in permitting cross-examination of defendant concerning the fact that he previously was convicted of sexual abuse while precluding any inquiry into the underlying facts (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *see generally People v Pavao*, 59 NY2d 282, 292 [1983]).

The evidence is legally sufficient to support the conviction of attempted assault on a police officer and aggravated harassment in the second degree, and the verdict is not against the weight of the evidence with respect to those counts (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.