■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BOYER, Appellant. [817 NYS2d 813]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered June 5, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, arson in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by directing that the sentence imposed on count four of the indictment shall run concurrently with the sentence imposed on count one of the indictment and by vacating the sentence imposed for criminal possession of a weapon in the third degree and resentencing defendant to a determinate term of imprisonment of seven years on count five of the indictment to run concurrently with the sentences imposed on counts one, three and four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a dual jury trial of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]), arson in the second degree (§ 150.15), criminal possession of a weapon in the second degree (§ 265.03 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [4]). Contrary to defendant's contention, County Court properly ordered dual jury trials of defendant and his codefendant upon granting defendant's motion for a severance (*see People v Ricardo B.*, 73 NY2d 228, 231-235 [1989]; *People v Brockway*, 255 AD2d 988 [1998], *lv denied* 93 NY2d 967 [1999]). Also lacking in merit is the further contention of defendant that he was deprived of his right to due

process as well as his right to equal protection based on the fact that the respective juries reached different verdicts with respect to defendant and his codefendant.

We reject defendant's contention that the court erred in refusing to charge manslaughter in the first degree (Penal Law § 125.20 [1]) as a lesser included offense of intentional murder. In view of the uncontroverted evidence that the victim was shot twice in the head, stabbed six times in the neck, shoulder, and abdomen, and struck 13 times in the head with a hammer, the court properly concluded that there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offense (see CPL 300.50 [1]; *People v Echevarria*, 17 AD3d 204, 205 [2005], *affd* 6 NY3d 89 [2005]; *People v Butler*, 84 NY2d 627, 634 [1994]; *People v Williams*, 283 AD2d 944, 945 [2001], *lv denied* 96 NY2d 926 [2001]).

Defendant failed to renew his motion to dismiss at the close of the People's case after presenting evidence on his own behalf and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of arson (see *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Fulton*, 26 AD3d 797 [2006], *lv denied* 6 NY3d 833 [2006]). In any event, the evidence on that count is legally sufficient, and the verdict with respect to that count is not against the weight of the evidence (see generally *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant also failed to preserve for our review his contention with respect to the court's pretrial *Sandoval* ruling that allowed the prosecutor to cross-examine defendant concerning his prior burglary and attempted burglary convictions (see *People v Rodriguez*, 21 AD3d 1400, 1401 [2005]; *People v O'Connor*, 19 AD3d 1154 [2005], *lv denied* 5 NY3d 831 [2005]), and with respect to the court's ruling during trial that allowed the prosecutor to cross-examine defendant concerning the underlying facts of those convictions after defendant repeatedly testified, in substance, that he would not use force against anyone or threaten anyone. In any event, defendant's contention lacks merit. The court's pretrial *Sandoval* ruling was proper (see *People v Hayes*, 97 NY2d 203, 207-208 [2002]; *Rodriguez*, 21 AD3d at 1401; *People v Taylor*, 11 AD3d 930 [2004], *lv denied* 4 NY3d 749 [2004]), and defendant's trial testimony opened the door to cross-examination concerning the underlying facts of his prior burglary and attempted burglary convictions (see *People v Onorati*, 15 AD3d 216, 217 [2005], *lv denied* 4 NY3d 889 [2005]; *People v Corcos*, 288 AD2d 40 [2001]; see generally *People v Rodriguez*, 85 NY2d 586, 591 [1995]).

We agree with defendant, however, that the court erred in directing that the sentence imposed for criminal possession of a weapon in the second degree shall run consecutively to the sentence imposed for murder in the second degree. There was no evidence of intended use of the weapon against another apart from its use in the killing of the murder victim, and thus the sentence imposed for criminal possession of a weapon in the second degree must run concurrently with the sentence imposed for murder in the second degree (*see* Penal Law § 70.25 [2]; *People v Hamilton*, 4 NY3d 654, 657-658 [2005]; *People v Rudolph*, 16 AD3d 1151, 1152-1153 [2005], *lv denied* 5 NY3d 809 [2005]). We therefore modify the judgment accordingly. Additionally, we note that, in the absence of mitigating circumstances, defendant's conviction of criminal possession of a weapon in the third degree requires a determinate rather than an indeterminate sentence of imprisonment, and thus the sentence on that count is illegal (*see* Penal Law § 265.02 [4]; § 70.02 [1] [c]; [2] [c]). "Although this issue was not raised before the trial court or on appeal, we cannot allow an invalid sentence to stand" (*People v Price*, 140 AD2d 927, 928 [1988]; *see People v Martinez*, 213 AD2d 1072, 1072-1073 [1995]; *People v Palmeri*, 186 AD2d 1075 [1992]). We therefore further modify the judgment by vacating the sentence imposed for criminal possession of a weapon in the third degree, and resentencing defendant to a determinate term of imprisonment of seven years on count five of the indictment to run concurrently with the sentences imposed on counts one, three and four (*see People v LaSalle*, 95 NY2d 827, 828-829 [2000]).

Finally, the sentence, as modified by this Court, is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.