*801 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 12, 2006, convicting him of attempted murder in the first degree, criminal possession of a weapon in the fourth degree, and menacing in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion in modifying its Sandoval ruling (see People v Sandoval, 34 NY2d 371, 375 [1974]) to allow the prosecution to cross-examine the defendant about the underlying facts of his prior convictions. The defendant opened the door to such questioning by testifying to facts which conflicted with the previously-precluded evidence (see People v Boyer, 31 AD3d 1136 [2006]; People v Onorati, 15 AD3d 216, 217 [2005]; People v Purcell, 268 AD2d 491 [2000]).
The defendant’s contention that the Supreme Court erred in admitting into evidence three photographs of the victim’s injuries is partially unpreserved for appellate review, as the defendant did not object to the admission of the first and third photographs (see CPL 470.05 [2]). In any event, the photographs were properly admitted to illustrate the testimony of the victim’s treating physician and to aid in establishing the defendant’s intent (see People v Stevens, 76 NY2d 833, 836 [1990]; People v Walsh, 294 AD2d 519, 520 [2002]; People v Ponce, 213 AD2d 725 [1995]).
The defendant failed to preserve for appellate review his challenges to the prosecutor’s summation (see CPL 470.05 [2]; People v Wright, 182 AD2d 793 [1992]). In any event, the challenged remarks either were responsive to defense counsel’s summation, constituted fair comment on the evidence, or were harmless error (see People v Gonzalez, 45 AD3d 696, 696-697 [2007]; People v Pierre, 30 AD3d 622 [2006]). Skelos, J.P., Lifson, Santucci and Garni, JJ., concur.