■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON CABRERA, Appellant. [882 NYS2d 273]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered February 15, 2008, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 491-492 [2008]; *People v Finger,* 95 NY2d 894, 895 [2000]; *People v Sepulveda,* 52 AD3d 539 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (*see People v Page,* 225 AD3d 831, 832 [1996]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the charge of murder in the second degree was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court did not err in admitting into evidence certain statements made by the defendant to detectives which were not included as part of the notice provided by the prosecution. The statements were

made in the same conversation as the statements of which the prosecution gave notice to the defendant, and were entirely consistent with those statements (*see* CPL 710.30; *People v Garcia,* 290 AD2d 299, 300 [2002]; *People v Coleman,* 256 AD2d 473, 474 [1998]; *People v Morris,* 248 AD2d 169, 170 [1998], *affd* 93 NY2d 908 [1999]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.