■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD YOUNG, Appellant. [953 NYS2d 602]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at dismissal motions; Renee A. White, J., at jury trial and sentencing), rendered September 1, 2009, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. The evidence supports the conclusion that defendant's use of force against store employees was for the purpose, at least in part, of retaining control of the stolen merchandise that was still in his possession (*see e.g. People v Nieves*, 37 AD3d 277 [1st Dept 2007], *lv denied* 9 NY3d 848 [2007]; *People v McMahon*, 279 AD2d 272 [1st Dept 2001], *lv denied* 96 NY2d 803 [2001]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). Defendant's criminal record was very extensive, and the court placed reasonable limits on the prosecutor's ability to elicit the scope and contents of that record.

The court properly denied defendant's motions to dismiss the indictment, made on the ground that the prosecutor's questioning of defendant before the grand jury was allegedly improper. The cross-examination at issue was generally appropriate and responsive to defendant's testimony. Any defects fell far short of impairing the integrity of the proceeding; accordingly, they did not warrant the exceptional remedy of dismissal (*see People v Huston*, 88 NY2d 400, 410 [1996]; *People v Darby*, 75 NY2d 449, 455 [1990]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Saxe, Acosta and Freedman, JJ.