THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DAVIS, Appellant. [52 NYS3d 33]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J. at grand jury resubmission authorization; Gregory Carro, J. at jury trial and sentencing), rendered July 23, 2013, as amended July 31, 2013, convicting defendant of murder in

the second degree (two counts), burglary in the first degree, aggravated criminal contempt and criminal contempt in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

Except for an argument concerning the unlawful remaining element of burglary, which we find unavailing, defendant's legal sufficiency claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). With regard to the intentional murder conviction, the viciousness and extent of defendant's attack on his elderly grandmother, accompanied by the surrounding circumstances, support the inference that defendant intended to beat her to death. With regard to the felony murder conviction and its underlying crime of burglary, the evidence warranted the inference that defendant unlawfully remained in the victim's apartment with the intent to commit a crime (*see People v Lewis*, 5 NY3d 546, 552 [2005]).

The police did not violate defendant's right to counsel when they questioned him about the murder. Even assuming that defendants' right to counsel had attached on a pending criminal trespass case, the murder was not "so closely related transactionally, or in space or time" to an earlier trespass he committed, upon which an arrest warrant had issued, "that questioning on the unrepresented matter would all but inevitably elicit incriminating responses regarding the matter in which there had been an entry of counsel" (*People v Cohen*, 90 NY2d 632, 638 [1997]). The trespass occurred nearly a month before the murder, at a different location. The fact that the victim's refusal to pay defendant's fine for the trespass may have provided a motive for the murder did not make the two crimes so related that representation on the trespass precluded defendant from effectively waiving his right to counsel regarding the murder (*see e.g. People v Tucker*, 30 AD3d 312, 313 [1st Dept 2006], *lv denied* 7 NY3d 818 [2006]).

The court properly exercised its discretion in declining to order a CPL article 730 competency examination of defendant (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878 [1995]). There is nothing in the record to cast doubt on defendant's competency, and the record supports the court's finding that defendant, who actively sought a 730 examination, was attempting to manipulate the proceedings by way of, among other things, a plainly feigned suicide attempt.

Defendant forfeited his right to be present at trial when he refused to be produced in the courtroom, with full knowledge that his trial was in progress (*see People v Sanchez*, 65 NY2d 436, 443-444 [1985]) and having been previously warned by the trial court that the trial would proceed in his absence. We have considered and rejected defendant's arguments on this issue, including those relating to his alleged mental state.

The court providently exercised its discretion in admitting images and descriptions of pornography websites that defendant visited on the victim's computer shortly after the murder. In his statement to the police, defendant claimed that the death was accidental and that he was grieving for the loss of his grandmother in the period following her death. The evidence at issue tended to refute that claim (*see generally People v Aska*, 91 NY2d 979, 981 [1998]), and we do not find that it was so inflammatory as to create undue prejudice.

The People, who originally obtained an indictment charging only second-degree manslaughter, properly re-presented the case to the grand jury for the purpose of having it consider additional, more serious charges. Initially, we note that we have examined the grand jury minutes in camera, and that they confirm that the first grand jury was never asked to vote on the murder and burglary charges. In any event, regardless of whether court authorization under CPL 190.75 (3) for the resubmission was necessary in the first place (*but see* CPL 200.80 [existing indictments may be superseded]), the court providently exercised its discretion when it authorized the re-presentation. "[L]eave to re-present should be granted as a matter of course" where, as here, there is no indication "that the first grand jury's decisional authority was being subverted" (*People v Credle*, 17 NY3d 556, 562 [2011]), and "CPL 190.75 (3) does not limit the court's discretion to situations where the People make a showing of newly discovered evidence" (*People v Morris*, 248 AD2d 169, 170 [1st Dept 1998], *affd* 93 NY2d 908 [1999]).

Defendant failed to preserve his claim that the resubmission application should not have been made and determined on an ex parte basis, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see e.g. People v Martinez*, 141 AD3d 429 [1st Dept 2016], *lv denied* 28 NY3d 972 [2016]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998

[1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

We perceive no basis for reducing the sentence. Concur—Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.