People v Neysmith (2019 NY Slip Op 00676)





People v Neysmith


2019 NY Slip Op 00676


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


2229/16 8267A 2637/16 8267

[*1] The People of the State of New York, Respondent,
v
Aldrick Neysmith, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), and Millbank, Tweed, Hadley & McCloy LLP, New York (Allison Markowitz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgments, Supreme Court, New York County (Maxwell Wiley, J., at grand jury application; Arlene D. Goldberg, J. at suppression hearing, pleas, and sentencing), rendered March 30, 2017, convicting defendant of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender previously convicted of a violent felony, to concurrent terms of seven years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The officer's testimony regarding his observation of defendant selling drugs was not so implausible as to warrant rejection of the hearing court's findings of fact (see e.g. People v Lewis, 136 AD3d 468 [1st Dept 2016], lv denied 27 NY3d 1001 [2016]).
Defendant did not preserve his claim that the court's consideration of the People's ex parte motion to resubmit a charge to the grand jury violated his right to counsel, and we decline to review it in the interest of justice. We find that this argument falls within the category of right-to-counsel claims that require preservation (see People v Garay, 25 NY3d 62, 67 [2015], cert denied 577 US , 136 S Ct 501 [2015]). As an alternative holding, we reject it on the merits (see e.g. People v Davis, 149 AD3d 451, 453 [1st Dept 2017], lv denied 29 NY3d 1077 [2017]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK