People v Armento (2019 NY Slip Op 07991)





People v Armento


2019 NY Slip Op 07991


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Sweeny, J.P., Tom, Mazzarelli, Oing, Singh, JJ.


10072 3/06

[*1] The People of the State of New York, Respondent,
v
Steven Armento, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nancy D. Killian of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven Barrett, J., at hearing; Martin Marcus, J., at trial and sentencing), rendered November 13, 2008, convicting defendant, after a jury trial, of murder in the first degree, and sentencing him to a term of life without parole, unanimously affirmed.
Defendant's codefendant was previously convicted of attempted burglary in the first degree and sentenced to a term of 10 years in connection with the crime (People v Brancato, 101 AD3d 459 [1st Dept 2012], lv denied 20 NY3d 1096 [2013]). Defendant was convicted of the point-blank shooting death of an off-duty police officer who was responding to the nighttime burglary of his neighbor's residence. The evidence was legally sufficient (People v Bleakley, 69 NY2d 490, 495 [1987]), and the
verdict was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]).
The People gave defendant adequate notice pursuant to CPL 710.30 of his statement that would be introduced at trial, including aspects of his statement on two pages in a police officer's notepad that by inadvertence were not physically attached to the formal notice. The part of the statement in the notepad was made to the same police officer in the same location and at the same time as, and was part of the same communication and was consistent with, the formally noticed statement (see People v Morris, 248 AD2d 169 [1st Dept 1998], affd 93 NY2d 908 [1999]), and was even less inculpatory than the formally noticed statement.
Giving due deference to the hearing court's findings on credibility (People v Prochilo, 41 NY2d 759, 761 [1977]) and on the basis of the hearing evidence, we conclude that defendant's inculpatory statements, as to which he waived his Miranda rights, were made voluntarily, notwithstanding a minor unintended delay in defendant's arraignment at the hospital where he was being treated.
Defendant's challenge to the justification charge was not preserved (CPL 470.05[2]), and we decline to exercise our discretion to review it in the interest of justice (see People v Williams, 145 AD3d 100 [1st Dept 2016]; People v Marshall, 106 AD3d 1, 11 [1st Dept 2013], lv denied 21 NY3d 1006 [2013]), especially in view of the potential adverse consequences to the [*2]administration of justice caused by defendant's lengthy delay in appealing (see e.g. People v Taveras, 10 NY3d 227 [2008]).
We find no basis for concluding that the sentence imposed was excessive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK