People v Martinez-Jiminez (2019 NY Slip Op 08964)





People v Martinez-Jiminez


2019 NY Slip Op 08964


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10580 5272/14

[*1] The People of the State of New York, Respondent,
v
Pablo Martinez-Jiminez, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J. at suppression hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered April 21, 2017, convicting defendant of murder in the second degree and assault in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. Defendant's homicidal intent could be reasonably inferred from his acts of repeatedly kicking and stomping the victim in the head and body (see e.g. People v Davis, 149 AD3d 451, 452 [1st Dept 2017], lv denied 29 NY3d 1077 [2017]).
The court properly denied defendant's suppression motion. The police had reasonable suspicion justifying a stop, and their initial stop of defendant did not constitute an arrest requiring probable cause. Late at night, the police received a radio message that a fight was in progress between two men at a bus stop, and that the 911 caller was at the scene and still on the phone. Upon arriving a few minutes later, they saw a man on a phone pointing toward the bus stop saying, "[T]here it is, there it is." Defendant, the only other person in view, was running away from the bus stop. This combination of circumstances provided reasonable suspicion that defendant was involved in an assault (see e.g. People v Cumberbacths, 250 AD2d 505 [1st Dept 1998], lv denied 92 NY2d 895 [1998]; see also People v Rosa, 67 AD3d 440 [1st Dept 2009], lv denied 14 NY3d 773 [2010] [pointing as significant nonverbal accusation]).
We need not reach the issue of whether the court providently exercised its discretion in admitting testimony that the victim said, in effect, "Help, this guy wants to kill me." Any error in the admission of such testimony was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK