■ In the Matter of David S. Dissell, Petitioner, v Lee T. Adams, as Chautauqua County Court Judge, et al., Respondents.—Petition unanimously granted and indictment dismissed, without prejudice to the People re-presenting a charge of manslaughter, second degree, to another Grand Jury. Memorandum: Petitioner David Dissell commenced this CPLR article 78 proceeding seeking a writ of prohibition preventing his retrial on indictment No. 85-12, charging murder in the second degree, on the ground that he would be placed twice in jeopardy for the same offense. A jury trial was held on this indictment in Chautauqua County Court. The single count of the indictment was submitted to the jury, as well as the lesser included offenses of manslaughter in the first degree and manslaughter in the second degree. Deliberations commenced at about noon on September 25, 1985 and the jury was

sequestered for the night at approximately 10:00 P.M. Deliberations recommenced at 10:00 A.M. on September 26, 1985, with the jury requesting further instructions on the definition of manslaughter in the second degree. Shortly after this, the jury asked the court the following question: "[c]an a person defending himself from possible serious bodily harm be guilty of manslaughter second degree?" Deliberation resumed, and at 11:15 A.M. the jury submitted a note to the court as follows: "[w]e have a hung jury, 6 guilty 2nd degree manslaughter, 6 innocent. What are your recommendations?"

The jury was seated in the courtroom, and during the ensuing colloquy the court asked the foreman whether it was possible that further deliberations would enable them to reach a verdict. The foreman replied in the negative. The foreman's statements were not contradicted by any of the other jurors. Defense counsel then requested that the jury be polled or the foreman asked whether the jury was able to return a partial verdict of acquittal with respect to two offenses submitted them, to wit, murder in the second degree and manslaughter in the first degree. The court asked the foreman: "[c]an you return a partial verdict, sir?" Defense counsel suggested that the court explain a partial verdict to the jury and the court stated: "[a] partial verdict is a verdict, for instance, on the count as charged in the indictment. You would have to be unanimous on that, to bring in a verdict on that count, but the verdict would have to be your unanimous opinion. Do you believe you can do that?" The foreman answered: "[a]t this point, I don't believe so." The court discharged the jury. Three jurors immediately expressed disagreement with the foreman's conclusion, and asked the court to hear them. Defense counsel stated: "[a]pparently, some of the jurors believe they can reach a partial verdict." The court, however, declared that it had discharged the jury. A juror said "[b]ut can he speak for us? We have never known this question before." Defense counsel renewed his request that the jury be polled, but the court refused. The court ordered that a jury retrial on the indictment be scheduled, resulting in the instant proceeding. Because a retrial on this indictment would violate the constitutional prohibition against double jeopardy, the petition is granted.

When a mistrial is declared in a criminal case over the objection of the defendant, the constitutional prohibition against double jeopardy bars retrial for the same offense unless there is manifest necessity for the mistrial (*Matter of Enright v Siedlecki,* 59 NY2d 195; *Hall v Potoker,* 49 NY2d

501; *People v Michael,* 48 NY2d 1). A genuinely deadlocked jury is an example of manifest necessity for the declaration of a mistrial, and does not bar retrial on grounds of double jeopardy *(Matter of Plummer v Rothwax,* 63 NY2d 243; CPL 310.60 [1] [a]; [2]). If the court determines, in its discretion, that the jury cannot reach a verdict with respect to all the charges submitted to it within a reasonable time, the court must accept a partial verdict with respect to those offenses submitted to the jury upon which the jury has reached a verdict (CPL 310.70 [1] [a]).

In this case, the court did not abuse its discretion when it declared a mistrial with respect to the charge of manslaughter in the second degree. The jury indicated, after deliberating for over 24 hours, exclusive of meals and sleep, that they were a hung jury as to that charge. When the foreman answered that further deliberations would be fruitless, the other jurors made no attempt to contradict him *(see, People v Griswold,* 84 AD2d 854, *affd* 58 NY2d 633). However, the court abused its discretion when it discharged the jury without allowing further deliberation with regard to the higher counts submitted to them. The colloquy between the court and the jury clearly reveals considerable disagreement among the jurors concerning their ability to reach a partial verdict. The definition of a partial verdict the court gave to the jury was confusing, but several jurors expressed immediate disagreement with the foreman's conclusion that a partial verdict was not possible. In addition to the expressed disagreement between the jurors, the court had evidence, in the form of a note from the jury, indicating that their deliberations, at the point at which they could not agree on a verdict, had focused on the charge of manslaughter in the second degree.

It is evident to us that a retrial on the charges of murder in the second degree and manslaughter in the first degree is barred by principles of double jeopardy. Because we conclude that manifest necessity was demonstrated for the declaration of a mistrial on the charge of manslaughter in the second degree, defendant may be retried on that charge. Defendant may not be retried on this indictment, however, because it charged a single count of murder in the second degree *(see, People v Gonzales,* 61 NY2d 633; *People v Mayo,* 48 NY2d 245, 253). (Article 78.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.