OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the count of the indictment charging assault in the second degree dismissed.
 

 For an attack on his girlfriend, defendant was charged in a four-count indictment with first degree robbery (Penal Law § 160.15 [3]), second degree robbery (Penal Law § 160.10 [2] [a]), and two counts of second degree assault: assault with intent to cause physical injury by means of a dangerous instrument (count three) (Penal Law § 120.05 [2]), and assault with intent to cause serious physical injury (count four) (Penal Law § 120.05 [1]).
 

 At the close of the evidence, the Trial Judge determined that, under count four of the indictment, the People failed to prove by legally sufficient evidence that defendant caused serious physical injury. Instead, the Judge submitted a lesser included charge of third degree assault (Penal Law § 120.00
 
 *883
 
 [1]). Second degree assault (by means of a dangerous instrument) and both robbery counts were also submitted.
 

 Although the People had posited different theories of guilt as to the assault counts, the court charged the jury without reference to the proof: “You subtract the dangerous instrument, and you have assault in the third degree * * * Count three, you are only to consider whether such injuries were inflicted with a dangerous instrument; and count four, you want to consider whether such injuries are inflicted without regard to whether there was a dangerous instrument.” These instructions were twice more repeated following jury notes requesting clarification of the charges. Thus, the jury was essentially instructed— without objection by the People — that count four as submitted was a lesser offense included within the greater count three (CPL 300.30 [4]; 300.50 [1]).
 

 When the jury deadlocked on one of the counts, the Trial Judge, upon the prosecutor’s suggestion and without objection by defendant, accepted a partial verdict. The jury acquitted on both robbery counts, found defendant guilty of third degree assault, but could not reach a verdict on second degree assault. After defendant was sentenced for third degree assault, he was retried and convicted of second degree assault, and the Appellate Division affirmed. This was error.
 

 CPL 300.40 (3) (b) provides that
 

 “[w]ith respect to inclusory concurrent counts, the court must submit the greatest or inclusive count and may or must, under circumstances provided in section 300.50, also submit, but in the alternative only, one or more of the lesser included counts. A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, but not an acquittal thereon.
 
 A verdict of guilty upon a lesser count is deemed an acquittal upon every greater count submitted”
 
 (emphasis added)
 

 (see also,
 
 CPL 300.50 [4]).
 

 Defendant’s failure to request that the court charge the assault offenses in the alternative is not a bar to raising the safeguards of CPL 300.40 (3) (b) and 300.50 (4) on appeal
 
 (see, People v Lee,
 
 39 NY2d 388, 390). By operation of law, defendant was deemed acquitted of second degree assault when the jury failed to reach a verdict as to that count, but found him
 
 *884
 
 guilty of the lesser included offense of third degree assault.
 
 *
 
 Once acquitted, it was not possible for defendant to “waive” the protections against multiple prosecutions. His retrial was thus prohibited under settled principles of double jeopardy
 
 (see, People v Boettcher,
 
 69 NY2d 174, 182, citing
 
 Green v United States,
 
 355 US 184, 190-191;
 
 see also, People v Helliger,
 
 96 NY2d 462 [decided today];
 
 People v Ressler,
 
 17 NY2d 174, 180181).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 Order reversed, etc.
 

 *
 

 Matter of Morgenthau v Beal
 
 (236 AD2d 194), which holds otherwise, should not be followed.