OPINION OF THE COURT
 

 Per Curiam.
 

 A Grand Jury indicted defendant for murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) and manslaughter in the first degree (Penal Law § 125.20 [1]) in connection with the strangulation death of a woman with whom he lived. At trial, the prosecutor contended that defendant choked the victim to death, crushing the bones inside her neck, evincing an intent to cause her serious physical injury and a depraved indifference to her life.
 

 Initially, defendant falsely denied any role in the victim’s death, claiming that he simply came home, found her uncon
 
 *464
 
 scions and told others that “the person would be caught soon.” When confronted with the autopsy report, however, he admitted — and later confirmed at trial — that he had choked and killed the victim, adding that her death was the result of an accident, or simple negligence on his part. He had been drinking, he testified, and was merely trying to “keep her quiet.”
 

 At a pre-charge conference, the Trial Judge and parties discussed the counts and lesser-included offenses. The court determined that, in addition to the two counts in the indictment, it would submit manslaughter in the second degree (reckless homicide) and criminally negligent homicide as lesser-included offenses. Neither side objected to the court’s proposal to submit all four charges in the alternative. The prosecutor, however, pointed out that under these circumstances the court was obliged to instruct the jury in accordance with the “acquit-first” format under
 
 People v Boettcher
 
 (69 NY2d 174), which requires a unanimous verdict of not guilty of the greater offense before the jury may consider any lesser-included offense. The court, however, denied the prosecutor’s request to charge in accordance with
 
 Boettcher.
 

 The issue became acute when the jury sent out a note revealing that it could not achieve unanimity on the higher charges. The jury asked, “[S]hould we find the defendant guilty on the lesser charge even though some members of the jury are convinced of guilt on the higher charge?” The People renewed their request for a
 
 Boettcher
 
 instruction but the court again refused, telling the jurors that there were only two choices open to them: They could convict defendant of any single charge — the “appropriate one” — or acquit on all four. He further told them that if they found defendant guilty of a lesser offense and were in disagreement as to the higher offenses, there would be no mistrial; instead, their guilty verdict would be considered an acquittal of all higher charges. Disregarding
 
 Boettcher,
 
 the court stressed that the jury could consider the charges “in any order that [it wants] to consider them.”
 

 Later in the deliberations, the jury delivered another note stating it was in agreement on one of the counts but deadlocked on the other three. The People, objecting to a “partial verdict” under these circumstances, once more asked the court to apply the
 
 Boettcher
 
 “acquit-first” rule, emphasizing (correctly) that under the court’s ruling, the People would be barred from retrying defendant on the higher charges. The trial court persisted in its refusal, stating that the
 
 Boettcher
 
 decision created a process “out of whole cloth” that was at odds with the statutory
 
 *465
 
 scheme. He added that
 
 Boettcher,
 
 which he apparently regarded as dictum, is “not a direct holding applicable to me.” Indeed, he acknowledged that he may “stick out by being the only Judge” who does not follow it. At one point the Judge noted that he had “written much of the CPL and the Penal Law for thirteen years between 1979 and 1992.” Ultimately, the jury stated it had not reached a verdict on the murder and manslaughter charges, but found defendant guilty of criminally negligent homicide. After the trial court accepted this verdict, it discharged the jury.
 

 The People moved for retrial on the unresolved charges, asserting that the court had submitted the counts to the jury in a manner contrary to
 
 Boettcher.
 
 After the trial court denied the motion, the prosecution commenced an article 78 proceeding in the Appellate Division, seeking retrial of the first degree manslaughter count. The Appellate Division dismissed the petition (262 AD2d 83), holding that the trial court’s dismissal was appealable and therefore not the proper subject of an article 78 proceeding. The Appellate Division went on to state, however, that the trial court’s refusal to charge the jury in accordance with the “acquit-first” protocol contravened “the unmistakable holding of
 
 Boettcher,
 
 and disregarded the clear mandate and direction of the Court of Appeals and this Court”
 
 (id.
 
 at 85). We dismissed the People’s appeal from the Appellate Division’s dismissal of the article 78 proceeding (93 NY2d 1039).
 

 On direct appeal to the Appellate Division, the People sought review of the trial court’s dismissal of the first degree manslaughter charge. The Appellate Division reiterated that the trial court erred in refusing to give the
 
 Boettcher
 
 “acquit-first” instruction, but affirmed the dismissal, concluding that the People were barred from retrying defendant on the first degree manslaughter charge. Two of the five Justices concurred on constraint of
 
 People v Robinson
 
 (145 AD2d 184,
 
 affd
 
 75 NY2d 879). We affirm.
 

 In
 
 Boettcher,
 
 decided some 14 years ago, this Court took the opportunity to compare the “unable-to-agree” and “acquit-first” approaches. Boettcher, charged with driving while intoxicated, contended that the trial court erred in instructing the jury that it could consider the lesser charge (driving while impaired) only after it found him not guilty of driving while intoxicated. Boettcher argued that the trial court should have told the jury that it need not acquit as to the higher charge before entertaining the lower, but could consider the lower if it could not agree on the higher charge. We explained that under New York’s
 
 *466
 
 statutory scheme, the “unable-to-agree” format carries deleterious consequences. A jury could convict on a lesser-included charge without actually having found the defendant not guilty of the greater. And “regardless of the jury’s actual findings or lack of findings regarding the greater offense, the defendant would be deemed not guilty of its commission (CPL 300.50 [4]), and a retrial on the greater offense would be barred under settled double jeopardy principles”
 
 (People v Boettcher,
 
 69 NY2d, at 182,
 
 supra).
 

 Our disapproval of the “unable-to-agree” instruction was not in the least equivocal. Indeed,
 
 Boettcher's
 
 “acquit-first” instruction has been properly characterized as mandatory
 
 (see,
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 300.50, at 659-660). Notwithstanding Federal authority to the contrary
 
 (see, e.g., United States v Tsanas,
 
 572 F2d 340 [2d Cir]), this Court repudiated the “unable-to-agree” instruction for two reasons. First, in contrast to CPL 300.50 (4), the Federal rules do not automatically deem a conviction of a lesser-included offense an acquittal of the greater for double-jeopardy purposes — although that will often be the result under the doctrine of implied acquittal
 
 (People v Boettcher,
 
 69 NY2d, at 182-183,
 
 supra).
 
 Second, as a matter of policy, the “unable-to-agree” instruction gives “insufficient weight to the principle that it is the duty of the jury not to reach compromise verdicts based on sympathy for the defendant or to appease holdouts, but to render a just verdict by applying the facts it finds to the law it is charged”
 
 (id.
 
 at 183). We further rejected the defendant’s contention that the “unable-to-agree” charge promotes efficiency by authorizing compromise
 
 (id.).
 

 The case before us epitomizes the deleterious consequences that
 
 Boettcher
 
 described. The Appellate Division correctly concluded that the trial court’s improper refusal to follow
 
 Boettcher
 
 marks the end of the case. Although the Appellate Division had disapproved of the trial court’s disregard of
 
 Boettcher,
 
 it had no choice but to affirm, concluding that the trial court’s inapt ruling is not remediable. The People argue that criminally negligent homicide is not a lesser-included offense of manslaughter in the first degree. They further point out, with candor, that they cannot prevail unless we overrule
 
 People v Robinson
 
 (145 AD2d 184,
 
 affd
 
 75 NY2d 879,
 
 supra)
 
 so that defendant’s convictions of both criminally negligent homicide and manslaughter in the first degree would not be inconsistent. Considering the relevant statutes and our settled decisional law, we affirm.
 

 
 *467
 
 Pursuant to CPL 300.50 (4),
 

 “[w]henever the court submits two or more offenses in the alternative pursuant to this section, it must instruct the jury that it may render a verdict of guilty with respect to any one of such offenses, depending upon its findings of fact, but that it may not render a verdict of guilty with respect to more than one. A verdict of guilty of any such offense is not deemed an acquittal of any lesser offense submitted,
 
 but is deemed an acquittal of every greater offense
 
 submitted” (emphasis added).
 

 We agree with the Appellate Division’s determination that criminally negligent homicide was a lesser included offense of manslaughter in the first degree
 
 (see, People v Holloway,
 
 262 AD2d 500;
 
 People v Stallings,
 
 128 AD2d 908, 910;
 
 People v Hoy,
 
 122 AD2d 618;
 
 People v Usher,
 
 39 AD2d 459,
 
 affd
 
 34 NY2d 600;
 
 see also,
 
 1 CJI[NY] 14.08, at 744).
 

 Moreover, under the facts of this case, a conviction of first degree manslaughter would be inconsistent with defendant’s conviction of criminally negligent homicide
 
 (see,
 
 CPL 310.70 [2] [a]). In
 
 People v Gallagher
 
 (69 NY2d 525), this Court held that a defendant who acts intentionally in shooting a person cannot at the same time be acting recklessly
 
 (id.
 
 at 529), inasmuch as a verdict of intentional murder and depraved-indifference murder are inconsistent with one another and cannot co-exist. In
 
 People v Robinson
 
 (145 AD2d 184,
 
 affd
 
 75 NY2d 879,
 
 supra),
 
 the defendant was convicted of one count of depraved indifference murder and one count of first degree manslaughter. These counts were inconsistent because, like Gallagher, the defendant was convicted of acting recklessly and intentionally with respect to the same result — the death of the victim. We decline to overrule
 
 Robinson.
 
 We are unwilling to upset established precedent in order to cure a refusal to recognize a case that our trial courts have appropriately applied for 14 years.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in Per Curiam opinion.
 

 Order affirmed.