OPINION OF THE COURT
James A. Yates, J.
This case is on remand after being affirmed by the Court of Appeals. The defendant stands convicted of criminally negligent homicide. Sentencing in this case was stayed for more than three years since the verdict. It appears that the Court should now go forward with sentencing by setting a date for the parties to be heard and to submit information concerning the incident and the defendant’s background, prior to and since the incident.
As explained at length in an earlier opinion in this case, People v Helliger (180 Misc 2d 318 [Sup Ct, NY County 1998]), from 1829 until 1970, New York, by statute, required an acquittal of a greater count before a lesser count could be considered *228 by a jury. Around the time the Criminal Procedure Law was written, in 1970, several other jurisdictions, including our own federal circuit, had developed a different rule.[1] They adopted a rule giving more choice to juries, allowing them to consider a lesser alternative when they could not agree upon the greater charge. If a lone holdout wanted a conviction, but the rest of the jury did not agree, all 12 jurors could move on to see if they agreed on the lesser alternative, instead of forcing a mistrial by hung jury because of the holdout. It was then that the Legislature repealed the language requiring an “acquittal first” on the greater before considering alternatives. Instead, the new Criminal Procedure Law directed that a judge must instruct a jury that they should consider the charges in the alternative and that they could convict one or the other, but not both.[2]
Notwithstanding the change in the law, courts in New York have traditionally continued to instruct juries the way that they did under the prior provision — applying the old acquittal-first requirement.[3] When the issue arose in this case, the Court, asked, “Is there a way to reconcile the apparent, or potential, conflict between the statute and controlling precedent?” (Helliger, supra, at 328.) In a good-faith attempt to reconcile court precedent and legislative mandate, the Court wrote an opinion discussing the history and analyzing the problem. (Helliger, supra.) It concluded that court precedent authorized an acquittal-first instruction as permitted under the new statute, but did not require that particular instruction in every case. For reasons discussed at length in the earlier opinion, in this case the traditional language did not appear to be required, or even appropriate. The Court followed the statute, but distinguished precedent.
During oral argument, when one of the parties insisted that the old rule must be followed in every case and that courts had no discretion, the Court attempted to explain that the old rule was no longer required by statute and that the old rule did not necessarily apply in this case. Unfortunately, someone reading *229 that oral dialogue, out of context, might get the wrong impression that the Court felt it was not compelled to follow the law. To the contrary, any fair reading of the proceedings and writings as a whole would quickly dispel that notion. The entire process of discussion, analysis and written opinion was an attempt to analyze and apply the law, statute and precedent, not disregard it.
After the case was submitted to the jury, the Court became aware of an unrelated, and at the time unpublished opinion, Matter of Morgenthau v Beal (236 AD2d 194 [1997]), in which an appellate court wrote, albeit dicta, for the first time that the old rule was still required to be followed in every case, notwithstanding the repealed language. Morgenthau v Beal was recently overruled by People v Fuller (96 NY2d 881 [2001]). In that case, the Court of Appeals held that the trial court acted within its authority in accepting a verdict on a lesser-included charge — misdemeanor assault — when the jury had failed to reach a verdict in the greater charge — felony assault. The result in Fuller and in this case before the Court of Appeals, People v Helliger (96 NY2d 462 [2001]), was the same — it was not improper or illegal for a court to follow the statute in accepting a partial verdict on a lesser-included offense. At the same time, however, the Court made it clear that an acquittal-first instruction is mandatory.
Since the Constitution does not require an acquittal-first instruction and the statute no longer explicitly requires such, the source of this mandate is unclear: is this a matter of statutory interpretation or is it a “supervisory rule?” (But see, Robert Pitler, Independent State Search and Seizure Constitutionalism: The New York State Court of Appeals’ Quest for Principled Decisionmaking, 62 Brook L Rev 1 [1996] [questioning generally, in the context of the exclusionary rule, the scope of a court’s “supervisory powers”].)
In any event, in 1998, in light of Morgenthau v Beal, this Court wrote, in the earlier Helliger opinion, that it felt bound in future cases to follow the appellate direction and would, thereafter, give an acquittal-first instruction in all future cases. That continues to be the Court’s practice until the Legislature or another appellate court reviews the issue.
Accordingly, as previously stated, this case is adjourned for both parties to gather and prepare appropriate materials regarding sentencing.

. United States v Tsanas, 572 F2d 340 (2d Cir), cert denied 435 US 995 (1978); United States v Jackson, 726 F2d 1466 (9th Cir 1984); Catches v United States, 582 F2d 453 (8th Cir 1978); Jones v United States, 544 A2d 1250 (DC 1988).

. “[The Court] must instruct the jury that it may render a verdict of guilty with respect to any one of such offenses, depending upon its findings of fact, but that it may not render a verdict of guilty with respect to more than one” (CPL 300.50 [4] [emphasis added]).

. People v Boettcher, 69 NY2d 174 (1987).