■ The People of the State of New York, Respondent, v Troy Johnson, Appellant. [744 NYS2d 402] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered April 28, 1997, convicting defendant, after a jury trial, of possession of

burglar's tools and criminal mischief in the fourth degree, and sentencing him to consecutive terms of one year, unanimously affirmed. Judgment, same court (George Daniels, J.), rendered May 18, 1998, convicting defendant-appellant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously reversed, on the law, the conviction vacated, and the count of the indictment charging second-degree burglary dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant was charged in a three-count indictment with burglary in the second degree, possession of burglar's tools, and criminal mischief in the fourth degree. The case was tried to a jury, and, at the close of the evidence, the court submitted the three counts to the jury along with criminal trespass in the second degree as a lesser included offense of the burglary charge. The court specifically instructed the jury that it could consider the lesser criminal-trespass charge only if it first found defendant not guilty of the burglary charge. Nonetheless, in announcing its verdict, the jury made it known that it had been unable to reach a unanimous verdict on the burglary charge, but it found defendant guilty of the lesser criminal-trespass charge as well as of the possession and criminal mischief charges. The trial judge initially declared a mistrial on the burglary count, but, subsequently, in an order dated March 27, 1997, vacated the mistrial order, reinstated the guilty verdict of criminal trespass, and precluded further prosecution on the burglary count.

The District Attorney brought a CPLR article 78 proceeding in this Court seeking to prohibit the trial judge from enforcing its March 27 order. We granted the petition (*Matter of Morgenthau v Beal*, 236 AD2d 194), concluding that a guilty verdict on a lesser included offense could not operate as an implied acquittal on the greater offense where the jury failed to first acquit the defendant on the greater offense as required by CPL 300.30 (1) and 300.40 (3) (b). Defendant's appeal was dismissed as untimely (*Matter of Morgenthau v Beal*, 92 NY2d 813). Defendant was then retried before a different judge on the burglary count, found guilty, and sentenced, on May 18, 1998, as a persistent violent felony offender, to 16 years to life, sentence to run concurrently with the term imposed on the other charges in the first trial.

On July 5, 2001, the Court of Appeals issued decisions in two unrelated cases, *People v Fuller* (96 NY2d 881) and *People v Helliger* (96 NY2d 462), in which, citing CPL 300.40 (3) (b) and 300.50 (4), it concluded that a guilty verdict on a lesser included offense constituted an acquittal of all the greater counts submitted, which barred retrial of the greater offenses on double-jeopardy grounds, despite the jury's acknowledged failure to resolve the higher charges—a result directly contrary to the conclusion reached by this Court in *Matter of Morgenthau v Beal*. Indeed, the Court specifically directed in a footnote in *Fuller* that *"Matter of Morgenthau v Beal * * *, which holds otherwise, should not be followed"* (*People v Fuller*, 96 NY2d 881, 884 n), in effect, overturning this Court's decision in *Beal*.

The Court of Appeals' reasoning and decisions in *Fuller* and *Helliger* require that the judgment on the second-degree burglary charge be reversed, the conviction be vacated, and the count of the indictment charging second-degree burglary be dismissed.

Defendant's assertions that the initial judgment should be reversed because the prosecution's summation improperly shifted the burden of proof to defendant, improperly suggested defendant's involvement in other uncharged crimes, and unfairly invoked the experience and authority of the District Attorney's office to suggest that defendant had been untruthful were not preserved and, in any event, do not warrant reversal.

We have considered defendant's other contentions and rejected them. Concur—Nardelli, J.P., Buckley, Rosenberger, Ellerin and Rubin, JJ.