[843 NE2d 149, 809 NYS2d 509]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ECHEVARRIA, Appellant.

Argued November 17, 2005; decided December 22, 2005

## POINTS OF COUNSEL

*Office of the Appellate Defender,* New York City (*Joseph M. Nursey* and *Richard M. Greenberg* of counsel), for appellant. I. The trial court failed to conduct the required factual inquiry when informed of substantial juror misconduct during jury deliberations. (*People v Branch,* 46 NY2d 645; *Duncan v Louisiana,* 391 US 145; *People v Buford,* 69 NY2d 290; *People v McClenton,* 213 AD2d 1; *People v Rodriguez,* 71 NY2d 214; *People v Sanchez,* 99 NY2d 622; *People v Thomas,* 196 AD2d 462; *People v Fermin,* 235 AD2d 328.) II. The jury's partial verdict, accepted by the trial court, which convicted Edwin Echevarria of the lesser included offense of murder in the second degree, barred, under double jeopardy principles, the jury's further deliberations and verdict, which convicted Mr. Echevarria of the greater offense of murder in the first degree involving the same victim. (*People v Cahill,* 2 NY3d 14; *People v Rodriguez,* 7 AD3d 545, 3 NY3d 742; *People v Hildreth,* 279 AD2d 791; *People v Couser,* 258 AD2d 74; *People v Miller,* 8 AD3d 176, 4 NY3d 766; *Dedieu v People,* 22 NY 178; *People v Flores,* 42 AD2d 431; *People v Abrew,* 95 NY2d 806; *People v Fuller,* 96 NY2d 881; *People v Boettcher,* 69 NY2d 174.)

*Robert M. Morgenthau, District Attorney,* New York City (*Susan Axelrod* and *Alan Gadlin* of counsel), for respondent. I. The trial court properly responded to the jury's note and correctly determined that there was no reason to declare a mistrial. (*People v Sprowal,* 84 NY2d 113; *People v James,* 75 NY2d 874; *People v Jacquin,* 71 NY2d 825; *People v Rodriguez,* 71 NY2d 214; *People v Buford,* 69 NY2d 290; *People v Brown,* 48 NY2d 388; *People v Sanchez,* 99 NY2d 622; *Anderson v Miller,* 346 F3d 315; *United States v Singer,* 345 F Supp 2d 230; *United States v Musto,* 540 F Supp 318.) II. Contrary to defendant's unpreserved and waived contentions, the court acted in accordance with CPL 310.70 in accepting a partial verdict of conviction on both counts of murder in the second degree and ordering the jury to continue deliberating. Defendant's double jeopardy rights were not violated when the jury then convicted him of first degree murder. (*People v Fuller,* 96 NY2d 881; *People v Muniz,* 91 NY2d 570; *People v Allen,* 86 NY2d 599; *People v Michael,* 48 NY2d 1; *People v Ferguson,* 67 NY2d 383; *People v Brown,* 67

NY2d 555; *People v Abrew,* 95 NY2d 806; *People v Hedgeman,* 70 NY2d 533; *People v Gaskins,* 171 AD2d 272; *Matter of Albano v Kirby,* 36 NY2d 526.)

### OPINION OF THE COURT

ROSENBLATT, J.

Defendant claims that the jury's verdict finding him guilty of murder in the first degree must be vacated because the jury had earlier rendered a partial verdict finding him guilty of second degree murder.

While looking for drugs in an Upper Manhattan neighborhood, defendant entered the apartment of the two victims, whom he knew. Using a knife from their kitchen, he stabbed one victim 19 times and the other 30 times. In a four-count indictment covering both victims, defendant was charged with two counts of first degree murder under Penal Law § 125.27 (1) (a) (viii) (intentional multiple-victim murder) and two counts of second degree intentional murder (Penal Law § 125.25 [1]). At trial, the defense was based on defendant's purported lack of criminal intent owing to his drug and alcohol intoxication. The court, without objection, instructed the jury on all counts, but did not direct it to consider them in any particular order.

During deliberations, the jury sent out a note stating that it had reached unanimity on two of the four counts, without revealing which two. Outside the presence of the jury, the court and the parties discussed the propriety of taking a partial verdict. The People suggested that the court consult *People v Fuller* (96 NY2d 881 [2001]), which holds that a *retrial* is barred on the higher offense after a jury finds the defendant guilty of a lesser included offense. Expressing no hesitancy, defendant's attorney advocated taking the partial verdict; *Fuller* presented no problem: "Judge, just for the record, I would have requested to take a partial verdict in this case. I don't think [*Fuller*] is directly applicable to this particular case, and I think the way to do a charge to the jury here, I think that there is no reason why a partial verdict can't be taken." The court acquiesced.

The jury then told the court that it had not reached a verdict on the first degree murder counts, but was unanimous in finding defendant guilty of two counts of murder in the second degree (intentional murder under Penal Law § 125.25 [1]), one for each victim. Without objection, the court accepted the partial verdict and directed the jurors to continue deliberations. The next day, the jury returned with a verdict of guilty of first degree

murder (multiple-victim murder under Penal Law § 125.27 [1] [a] [viii]).

Defendant now contends that once the jury rendered its partial verdict finding him guilty of second degree murder, further deliberations were impermissible and the ensuing first degree murder conviction must be vacated. Disagreeing, the Appellate Division affirmed, as do we.

Defendant argues that under CPL 300.40 (3) (b), when inclusory concurrent counts are submitted to a jury, a "verdict of guilty upon a lesser count is deemed an acquittal upon every greater count submitted." Thus (the argument goes), because second degree murder is a lesser included offense of first degree murder, the jury's partial verdict finding defendant guilty of second degree murder must be deemed an acquittal of the first degree murder count. Even assuming that second degree murder is a lesser included offense of first degree murder, defendant has forfeited his claim.

At the outset, we note that in its charge to the jury, the court, without objection by defendant, did not follow the protocol set forth in *People v Boettcher* (69 NY2d 174 [1987]). There, we held that a court should submit lesser included counts to a jury in the alternative with an instruction that the jury must unanimously acquit the defendant of the greater offense before considering a lesser included count. Had the court done so here, the jury would have considered the charges in the proper order and, if it then found defendant guilty of the lower charge (second degree murder), he could have argued that the jury had found him not guilty of first degree murder.

Defendant, however, did not object to the charge as given, and the jury was not under orders to consider the counts in any particular sequence. As the Appellate Division correctly pointed out, the court did not submit the first degree and second degree murder counts in the alternative and did not convey to the jury in any manner that second degree murder was a lesser included offense of first degree murder, nor that a partial verdict on second degree murder would somehow foreclose further deliberations on first degree murder.

Defense counsel not only failed to object to the lack of a *Boettcher* instruction, but affirmatively argued against the applicability of *Fuller* and urged the court to take the partial verdict, without knowledge of the charges it encompassed. Although "[o]nce acquitted, it [is] not possible . . . to 'waive' the

protections against multiple prosecutions" (*Fuller*, 96 NY2d at 884), counsel's unequivocal actions occurred *prior* to the partial verdict. Moreover, defense counsel did not object to the jury's continuing its deliberations after having rendered its partial verdict. Counsel weighed the options and, rather than asking for a mistrial, made the strategic decision to go for a partial verdict and further deliberations by the same jury (*see People v Ferguson*, 67 NY2d 383 [1986]). Having made this tactical choice, defendant may not be heard to complain.

We have considered defendant's remaining contentions and find them without merit. Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed.