THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE SINGH, Appellant. [825 NYS2d 764]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 13, 2000, convicting him of criminal possession of stolen property in the third degree (two counts) and unauthorized use of a vehicle in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the defendant's first trial, the jury reached a partial verdict, inter alia, convicting the defendant of unauthorized use

of a vehicle in the third degree (*see* Penal Law § 165.05 [1]) relating to one of three stolen vehicles, a BMW. The jury did not reach a verdict on the charges of criminal possession of stolen property in the third degree (*see* Penal Law § 165.50) relating to the BMW and another vehicle, an Acura, or on the count charging unauthorized use of a vehicle in the second degree concerning the Acura. The defendant argues that unauthorized use of a vehicle in the third degree is a lesser included offense of criminal possession of stolen property in the third degree, and that his conviction on the count charging unauthorized use of a vehicle in the third degree relating to the BMW constituted an acquittal on the count charging criminal possession of stolen property in the third degree (*see* CPL 300.40 [3] [b]; 300.50 [4]) relating to that vehicle. Thus, he argues, with respect to the BMW, it was error to retry him on the count charging criminal possession of stolen property in the third degree (*cf. People v Fuller*, 96 NY2d 881, 883-884 [2001]).

The defendant's argument rests on a faulty premise. Unauthorized use of a vehicle in the third degree is not a lesser included offense of criminal possession of stolen property in the third degree because it is theoretically possible to commit criminal possession of stolen property in the third degree without "concomitantly committing, by the same conduct," unauthorized use of a vehicle in the third degree (CPL 1.20 [37]; *see People v Glover*, 57 NY2d 61, 64 [1982]; *People v Battey*, 6 AD3d 544, 544-545 [2004]; *Matter of Raul M.*, 248 AD2d 336, 336-337 [1998]; *People v Edwards*, 104 AD2d 448, 449-450 [1984]). Consequently, with respect to the BMW, conviction on the count charging unauthorized use of a vehicle in the third degree was not an acquittal of the charge of criminal possession of stolen property in the third degree, and retrial on the count charging criminal possession of stolen property in the third degree relating to the BMW was proper (*cf. People v Fuller, supra* at 884).

The defendant's constitutional challenge to his sentencing as a persistent felony offender pursuant to Penal Law § 70.10 and CPL 400.20 is unpreserved for appellate review and, in any event, is without merit (*see People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* 546 US —, 126 S Ct 564 [2005]; *People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Kross*, 26 AD3d 518, 518-519 [2006]).

Moreover, the sentence imposed did not constitute cruel and unusual punishment and was not excessive (*see People v Broadie*, 37 NY2d 100, 118-119 [1975], *cert denied* 423 US 950 [1975]; *People v Thomas*, 255 AD2d 468, 468-469 [1998]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.