■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KONSTANTINIDES, Appellant. [864 NYS2d 775]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.) rendered February 6, 2006, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied the effective assistance of

counsel due to an alleged conflict of interest. A defendant alleging ineffective assistance of counsel based on a conflict of interest must do more than show that defense counsel had a potential conflict of interest. To prevail, the defendant must establish that the conflict of interest in fact affected the conduct of his defense (see People v Abar, 99 NY2d 406 [2003]; People v Smart, 96 NY2d 793 [2001]; People v Longtin, 92 NY2d 640, 644 [1998]; People v Alicea, 61 NY2d 23, 31 [1983]). The defendant failed to do so.

The defendant's contention that he was entitled to a hearing pursuant to CPL 400.21 (5) is unpreserved for appellate review and, in any event, is without merit.

The defendant's contention that his sentencing as a persistent violent felony offender violated his constitutional right to a jury trial pursuant to Apprendi v New Jersey (530 US 466 [2000]) is unpreserved for appellate review (see People v Singh, 35 AD3d 633, 634 [2006]) and, in any event, is without merit (see People v Rawlins, 10 NY3d 136, 158 [2008]; People v Rivera, 5 NY3d 61, 67 [2005]). Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.