THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON McFADDEN, Appellant. [927 NYS2d 792]—

At the defendant's first trial, the jury was deadlocked on the charge of criminal possession of a controlled substance in the third degree, but it convicted him of criminal possession of a controlled substance in the seventh degree, which is a lesser-included offense of criminal possession of a controlled substance in the third degree (*see People v Johnson*, 297 AD2d 822, 823 [2002]; *People v Biggs*, 280 AD2d 484 [2001]; *People v Sutton*, 289 AD2d 424 [2001]). As such, the Supreme Court erred in retrying the defendant on the higher offense of criminal possession of a controlled substance in the third degree. The conviction of criminal possession of a controlled substance in the seventh degree is deemed an acquittal of criminal possession of a controlled substance in the third degree (*see* CPL 300.50 [4]), and "a retrial on the greater offense would be barred under settled double jeopardy principles" (*see People v Helliger*, 96 NY2d 462, 466 [2001] [citation and internal quotation marks omitted]; *People v Fuller*, 96 NY2d 881, 882-883 [2001]; *People v Boettcher*, 69 NY2d 174, 182 [1987]; *People v Sutton*, 289 AD2d at 425). Accordingly, the judgment convicting the defendant of criminal possession of a controlled substance in the third degree must be reversed and that count of the indictment must be dismissed.

The defendant's remaining contention has been rendered academic in light of our determination. The People's remaining contention is not properly before us. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.