[982 NE2d 1241, 959 NYS2d 108]

The People of the State of New York, Appellant, v Brandon McFadden, Respondent.

Argued November 13, 2012; decided December 13, 2012

## POINTS OF COUNSEL

*Richard A. Brown, District Attorney,* Kew Gardens (*Danielle Fenn* and *John M. Castellano* of counsel), for appellant. The Appellate Division improperly reversed defendant's conviction for criminal possession of a controlled substance in the third degree on double jeopardy grounds. (*People v Prescott,* 66 NY2d 216; *People v Gajadhar,* 9 NY3d 438; *People v Henriquez,* 3 NY3d 210; *People v Hansen,* 95 NY2d 227; *People v Gillian,* 8 NY3d 85; *People v Lee,* 58 NY2d 491; *People v Esajerre,* 35 NY2d 463; *People v Velasquez,* 1 NY3d 44; *People v Vargas,* 88 NY2d 363; *People v Webb,* 78 NY2d 335.)

*Appellate Advocates,* New York City (*Jessica McNamara, Jonathan Garvin* and *Lynn W.L. Fahey* of counsel), for respondent. I. The Appellate Division correctly held, based on this Court's settled law, that Brandon McFadden's retrial and conviction of third-degree criminal possession of a controlled substance violated his constitutional and statutory double jeopardy rights when a prior jury convicted him of a lesser included offense and failed to reach a verdict on the greater count, which was deemed acquitted. (*Price v Georgia,* 398 US 323; *Green v United States,* 355 US 184; *People v Fuller,* 96 NY2d 881; *People v Boettcher,* 69 NY2d 174; *People v Mayo,* 48 NY2d 245; *North Carolina v Pearce,* 395 US 711; *United States v Ball,* 163 US 662; *People v Biggs,* 1 NY3d 225; *United States v Martin Linen Supply Co.,* 430 US 564; *People v Helliger,* 96 NY2d 462.) II. The Appellate Division lacked jurisdiction to reinstate the lesser included offense because the trial court's decision to dismiss that count, on

both parties' consent, was not adversely decided against defendant. (*People v LaFontaine*, 92 NY2d 470; *People v Concepcion*, 17 NY3d 192; *People v Fuller*, 276 AD2d 263.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

The issue presented by this appeal is whether double jeopardy barred defendant from being retried for criminal possession of a controlled substance in the third degree after a previous jury had deadlocked on that charge, but rendered a partial verdict convicting him of the lesser included offense of criminal possession of a controlled substance in the seventh degree. We find that, under these circumstances, double jeopardy does not preclude defendant's retrial and therefore reverse.

Defendant was indicted for criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree in connection with a single transaction that occurred on July 22, 2008. At his initial trial in June 2009, the jury was not instructed to consider the charges in any particular order. During the second day of deliberations, the jury sent out a note indicating that it had reached a verdict on count three (seventh-degree possession), but was unable to reach a unanimous verdict on the remaining counts. The court instructed the jury to continue deliberating on all counts, observing that it had not been deliberating for an extended time, having only received the case late in the afternoon of the previous day.

Shortly thereafter, the jury sent out a note indicating that juror number five was asking to be removed from service. The court refused to grant the request without some further indication as to the nature of the problem and asked to be advised if it was a question of the juror's health. It also instructed the jurors not to surrender their honestly held views or to close their minds to the opinions of their fellow jurors. The jury then sent out a note indicating that juror number five wanted to be excused due to blood pressure problems, that were "being exacerbated by [her belief that her] individual rights during deliberations in trying to reach a verdict beyond a reasonable doubt [were] being violated."

At that point, defense counsel moved for a mistrial. The court proposed inquiring whether the jury still had a unanimous verdict on the seventh-degree possession count and whether

further deliberations would be productive on the remaining two counts. The People then indicated that they would like additional information about the juror's blood pressure problem, but the court rejected that idea, saying "[d]efense counsel has indicated he would be moving for a mistrial. There's no prejudice to the People to retry those two counts if [the jury] can't deliberate further. I'm not going to endanger this juror's possible health by virtue of forcing her in some way to continue deliberating if defense is moving for a mistrial."

In response to the court's questions, the jury indicated that they did have a verdict on count three, but that they were deadlocked on the other counts. The court then proposed taking a partial verdict and—as to the remaining two counts—either giving the jury an *Allen* charge or declaring a mistrial. Defense counsel again requested a mistrial as to counts one and two and the court acceded to the request. The jury delivered a partial verdict convicting defendant of criminal possession of a controlled substance in the seventh degree. The court then discharged the jury, noting that the remaining "matters will have to be retried before another jury." Defense counsel ordered the transcripts to prepare for the retrial and the parties agreed to select a date for the retrial at defendant's sentencing proceeding.

Prior to the second trial, defense counsel moved to dismiss the count of criminal possession of a controlled substance in the third degree, arguing that reprosecution for that offense would violate double jeopardy. The court denied the motion and proceeded to trial. The second jury acquitted defendant of the count of third-degree criminal sale, but convicted him of third-degree criminal possession. At his sentencing proceeding, the court set aside the conviction for seventh-degree possession as an inclusory concurrent count.

The Appellate Division reversed and dismissed the count of the indictment charging defendant with criminal possession of a controlled substance in the third degree (87 AD3d 554 [2d Dept 2011]). The Court found that defendant's conviction of the lesser included offense of criminal possession of a controlled substance in the seventh degree was deemed an acquittal of third-degree possession under CPL 300.50 (4) and that double jeopardy barred defendant's retrial for the greater offense. A Judge of this Court granted the People leave to appeal and we now reverse.

Under the CPL, which contemplates that a jury is properly instructed to consider inclusory concurrent counts in the alternative, a conviction of a lesser offense is deemed an acquittal of the greater counts submitted (*see* CPL 300.40 [3] [b]; 300.50 [4]). However, we have held that a defendant can, by his or her conduct, relinquish a double jeopardy claim (*see People v Echevarria*, 6 NY3d 89, 92-93 [2005]).

In *Echevarria*, the defendant was charged with two counts of first-degree murder and two counts of second-degree intentional murder. The counts were submitted to the jury without any direction as to the order in which they should be considered and without objection by defense counsel (*see Echevarria*, 6 NY3d at 91-92). When, during deliberations, the jury sent out a note indicating that it had reached a verdict on two unspecified counts, the parties began to discuss the possibility of taking a partial verdict. The prosecutor brought *People v Fuller* (96 NY2d 881, 883-884 [2001]) to the court's attention—a case holding that a defendant was deemed acquitted of a greater offense when the jury failed to reach a verdict on that offense, but convicted him of a lesser included offense. Defense counsel in *Echevarria* argued that *Fuller* was not applicable and urged the court to take the partial verdict. The court then took the partial verdict convicting Echevarria of the second-degree murder charges and directed the jury to continue deliberating, without objection (*see* 6 NY3d at 91). The following day, the jury convicted defendant of first-degree murder.

We found that, in addition to the faulty instruction that was given to the jury without objection, defense counsel had advocated against the relevance of *Fuller* and had called for the acceptance of the partial verdict (*see Echevarria*, 6 NY3d at 92). "Although '[o]nce acquitted, it [is] not possible . . . to "waive" the protections against multiple prosecutions,' counsel's unequivocal actions occurred *prior* to the partial verdict" (*Echevarria*, 6 NY3d at 92-93 [citation omitted], quoting *Fuller*, 96 NY2d at 884).

Similarly, here, defense counsel failed to object to the improper jury instruction and affirmatively requested a mistrial after the court specifically stated that defendant faced retrial on the top two counts. Having charted his own course by opting for a mistrial and a retrial on the remaining counts, defendant cannot now claim that his retrial is barred. To be sure, *Fuller* held that a defendant is not precluded from pursuing a double jeopardy claim because he or she fails to request that the charges be

considered in the alternative (*see* 96 NY2d at 883). However, in that case, we did not consider the impact of a defendant's request for a mistrial with knowledge of the impending retrial, prior to the acceptance of a partial verdict.

In light of our determination, it is unnecessary to address the parties' remaining contentions.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for consideration of the facts and issues raised but not determined on the appeal to that Court.

PIGOTT, J. (dissenting). Because, in my view, this case falls squarely within our holding under *People v Fuller* (96 NY2d 881 [2001]), I respectfully dissent.

In *Fuller*, at the defendant's trial, in addition to two robbery charges, the jury deliberated on the charges of assault in the second degree and assault in the third degree, under separate counts of the indictment (*id.* at 882). Defendant was acquitted of the robbery charges and convicted of third-degree assault (*id.* at 883). The jury, however, was unable to reach a verdict on the second-degree assault charge (*id.*). Without objection, the court accepted the partial verdict and a mistrial was declared on the second-degree assault count (*id.*). Defendant was retried on the unresolved assault count, and was ultimately convicted of that crime (*id.*).

The parties and the judge in *Fuller* never contemplated the implications of CPL 300.40 (3) (b) and 300.50 (4) when the partial verdict was taken and the mistrial declared; that being the case, the parties never considered that a verdict of guilty on the lesser count meant an acquittal of the greater count by operation of law.

On appeal, however, the defendant argued that the statutory provisions applied and that double jeopardy barred his retrial. We agreed. In doing so, we rejected the People's claim that the defendant never opposed, and in fact impliedly consented to, the retrial when the mistrial was declared and thus his double jeopardy claim had been waived.

Similarly, in this case, there is no dispute that the crime of criminal possession of a controlled substance in the seventh degree is a lesser-included offense of criminal possession of a controlled substance in the third degree (*see e.g. People v Sutton*, 289 AD2d 424 [2d Dept 2001]). As such, when the jury

returned the partial verdict of guilty on defendant's misdemeanor possession charge, by operation of law, there was acquittal of the greater possession count (CPL 300.40 [3] [b]). Once defendant was acquitted of the greater count, it was not possible for him to waive the protections of double jeopardy (*Fuller*, 96 NY2d at 883-884; *People v Boettcher*, 69 NY2d 174, 182 [1987]).

The majority contends that this case is different from *Fuller* and more akin to our decision in *People v Echevarria* (6 NY3d 89, 91 [2005]). The majority distinguishes *Fuller* on the basis that in that case "we did not consider the impact of a defendant's request for a mistrial with knowledge of the impending retrial, prior to the acceptance of a partial verdict" (majority op at 265). However, both the defendant in this case and the one in *Fuller* were acting under the mistaken belief that the People were allowed to retry the unresolved counts* and were ignorant of the implications of CPL 300.40 (3) (b) and 300.50 (4).

In *Echevarria*, after the court received a jury note indicating that it had reached unanimity on two of the four counts against the defendant, "the court and the parties discussed the propriety of taking a partial verdict" (6 NY3d at 91). In particular, the prosecutor specifically raised double jeopardy concerns by directing the court to our decision in *Fuller*, which "holds that a retrial is barred on the higher offense after a jury finds the defendant guilty of a lesser included offense" (*id.* [emphasis omitted]). "Expressing no hesitancy," defense counsel advocated for taking the partial verdict, arguing that *"Fuller* presented no problem[.] [Defense counsel stated]: 'Judge, just for the record, I would have requested to take a partial verdict in this case. I don't think [*Fuller*] is directly applicable to this particular case, and I think the way to do a charge to the jury here, I think that there is no reason why a partial verdict can't be taken.' The court acquiesced." (*id.*).

The court took a partial verdict, but there was no mistrial on the unresolved counts. Rather, the jury was permitted to continue its deliberations. The jury then announced that it had unanimously found the defendant guilty of the greater offense. Then, on appeal, defendant argued that once the jury rendered its partial verdict finding him guilty of second-degree murder,

---

* Indeed, in *Fuller*, a retrial took place resulting in a jury verdict of guilty on the previously unresolved count.

further deliberations were impermissible and the ensuing first-degree murder conviction must be vacated (*id.* at 92). We rejected that argument. We found significant the fact that the defendant at trial had *affirmatively* argued against the applicability of CPL 300.50 and *Fuller* and urged the court not only to take the partial verdict but also to permit the jury to continue to deliberate (*id.* at 92-93).

In this case, nothing even similar occurred. The jury rendered its partial verdict, a mistrial on the unresolved counts was declared and the jury was discharged. It was before a second jury was empaneled that the defendant raised the double jeopardy issue. Unlike defendant in this case, the defendant in *Echevarria* clearly indicated he wanted to waive a double jeopardy claim, by expressly disavowing *Fuller* and declaring that he wanted the jury to continue deliberations on the two unresolved counts. No such waiver language can be found in this case. There was no discussion between the parties of the implications of our holding in *Fuller* or double jeopardy concerns.

Here, once the jury returned the verdict of guilty on the criminal possession of a controlled substance in the seventh degree, there was no longer a third-degree possession count to be retried. I therefore would affirm the order of the Appellate Division.

Judges CIPARICK, GRAFFEO, READ and SMITH concur with Chief Judge LIPPMAN; Judge PIGOTT dissents and votes to affirm in an opinion.

Order reversed and case remitted to the Appellate Division, Second Department, for consideration of the facts and issues raised but not determined on the appeal to that court.