This memorandum is uncorrected and subject to revision before publication in the New York Reports.
---------------------------------------------------------------

No. 158
In the Matter of Estevan Gentil,
            Respondent,
          v.
Hon. Ira Margulis, &c.,
            Respondent,
Hon. Richard A. Brown, &c.,
            Appellant.


            Nancy Fitzpatrick Talcott, for appellant.
            Garnett H. Sullivan, for respondent Gentil.




MEMORANDUM:

        The order of the Appellate Division should be reversed, without costs, and the petition dismissed.

        After one juror was found unable to serve, defendant refused to substitute an alternate juror and requested a partial

- 1 -

verdict on the one count on which the jury had indicated it had reached a verdict.  The Appellate Division granted the petition on the basis that there was no manifest necessity for a mistrial and did not address the issue of consent.  Because defendant implicitly consented to a mistrial on two of three counts by requesting a partial verdict and by saying nothing about the court's plans for retrial (People v McFadden, 20 NY3d 260 [2012]; Matter of Marte v Berkman, 16 NY3d 874 [2011]), we need not reach the issue of manifest necessity.

Matter of Gentil v Margulis

No. 158

FAHEY, J. (concurring):

I agree with the majority that the order of the Appellate Division should be reversed, but for a different reason. A defendant's consent to a mistrial, and concomitant waiver of double jeopardy protection, "may . . . be implied from the circumstances leading up to the dismissal of the jury" (People v Ferguson, 67 NY2d 383, 388 [1986]). This Court has held, however, that whether a defendant has "consented to a mistrial is a factual question" (id. at 389; see Matter of Marte v Berkman, 16 NY3d 874, 875 [2011]). As such, that "factual determination . . . may not be disturbed by this Court if there is any support for that finding in the record" (Marte, 16 NY3d at 875).

In this CPLR article 78 proceeding in the nature of prohibition, however, the Appellate Division made no factual finding with respect to whether defendant consented to the mistrial. Rather, the Appellate Division's decision was based solely on that Court's conclusion that "there was no manifest necessity for the declaration of a mistrial" (Matter of Gentil v Margulis, 120 AD3d 1414, 1417 [2d Dept 2014]). Thus, there are no factual findings by a lower court for us to review (cf. Marte,

- 1 -

16 NY3d at 875; Ferguson, 67 NY2d at 389). Furthermore, we have no power to make our own factual determination on this issue (see NY Const, art VI, § 3 [a]; CPLR 5501 [b]).

While the majority relies on the waiver of double jeopardy protection in People v McFadden (20 NY3d 260 [2012]), that case is clearly distinguishable. In McFadden, the defendant *affirmatively requested* a mistrial (see id. at 262, 264-265). Here, the issue is whether defendant *impliedly consented* to a mistrial, which presents a factual question (see Marte, 16 NY3d at 875; Ferguson, 67 NY2d at 389).

I would reverse the order of the Appellate Division on the ground that there was manifest necessity for a mistrial on counts two and three of the indictment. As the majority notes, after the trial court determined that one juror was unable to continue deliberations, defendant refused to consent to the substitution of an alternate juror.

For there to be a "manifest necessity" for a mistrial, such that double jeopardy does not bar retrial, the trial court must consider reasonable alternatives to a mistrial (see Ferguson, 67 NY2d at 388; Matter of Enright v Siedlecki, 59 NY2d 195, 199-200 [1983]). Here, the trial court considered reasonable alternatives to a mistrial, except for the taking of a partial verdict on count one (see Matter of Robles v Bamberger, 219 AD2d 243, 247 [1st Dept 1996], lv denied 88 NY2d 809 [1996], appeal dismissed 88 NY2d 962 [1996]; cf. Matter of Rivera v

Firetog, 11 NY3d 501, 508 [2008], cert denied 556 US 1193
[2009]).  Nevertheless, the trial court's failure to take a
partial verdict on count one does not bar retrial on counts two
and three.

CPL 310.70 (2) provides that "[f]ollowing the rendition
of a partial verdict . . . , a defendant may be retried for any
submitted offense upon which the jury was unable to agree," with
certain exceptions that are not relevant here.  Thus, the trial
court's failure to take a partial verdict on count one does not
prevent defendant from being retried on counts two and three,
inasmuch as the jury was "unable to agree" on counts two and
three (CPL 310.70 [2]; see Matter of Dissell v Adams, 115 AD2d
1006, 1008 [4th Dept 1985]).

Defendant's reliance on the Appellate Division's
dismissal of the entire indictment in Robles is misplaced.  In
that case, although the jurors indicated that they had reached a
partial verdict, there was no indication as to the count upon
which the jury had reached a partial verdict before the trial
court declared a mistrial and discharged the jury (see Robles,
219 AD2d at 247-248).  There, the Appellate Division properly
dismissed the indictment in its entirety (see id. at 248).  Here,
by contrast, the jury clearly stated that it was deadlocked on
counts two and three and, by inference, that it had reached a
partial verdict on count one only.  Defendant therefore may be
retried on counts two and three of the indictment (see CPL 310.70

[2]; <u>Dissell</u>, 115 AD2d at 1008).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, without costs, and petition dismissed, in a
memorandum.  Chief Judge Lippman and Judges Pigott, Rivera and
Abdus-Salaam concur.  Judge Fahey concurs in result in an opinion
in which Judge Stein concurs.


Decided November 19, 2015