People v Tineo-Santos (2018 NY Slip Op 02425)





People v Tineo-Santos


2018 NY Slip Op 02425


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Mazzarelli, J.P., Kahn, Gesmer, Kern, JJ.


1920/09 6236 6235

[*1]The People of the State of New York, Respondent,
v
Francisco Tineo-Santos, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens (Eric C. Washer of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Darcel D. Clark, J. at hearing; Megan Tallmer, J. at jury trial and sentencing), rendered January 18, 2013, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, and order, same court (Richard Lee Price, J.), entered November 23, 2016, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). Based on the submissions on the motion, as well as the trial record, we conclude that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
Defendant first contends that counsel was ineffective at the Huntley hearing because he "rest[ed] on the record" without making any suppression arguments, even though the People had failed to call any witnesses with personal knowledge of the taking of defendant's initial written statement. Defendant argues that the People thus failed to meet their burden to establish the voluntariness of that statement, and therefore of the videotaped statement that was obtained a day later. Under the circumstances of this case, in which overwhelming proof demonstrated that defendant killed the victim, and did so intentionally, it was objectively reasonable for counsel to believe that admission of the statements, and the video statement in particular, might — without the risk of putting his client on the stand — encourage the jury to find a lack of homicidal intent, elicit sympathy for his client, or at least do no harm. On balance, defendant's version of the incident could be viewed by jurors as at least mitigating. Accordingly, defendant cannot meet his burden to "demonstrate the absence of strategic or other legitimate explanations" for counsel's actions (People v Carver, 27 NY3d 418, 420 [2016]). In any event, defendant has not shown ineffective assistance of counsel under either the state or federal standards. As noted, even if counsel had actually obtained suppression of all statements, the People's case was still overwhelming, and we are unpersuaded that defendant was denied the right to a fair trial (People v Caban, 5 NY3d 143, 155-156 [2005]). Defendant's argument about alleged weaknesses in the prosecution's case is unpersuasive.
Defendant also argues that counsel was ineffective for failing to accept the court's offer, prompted by the prosecutor's suggestion, to deviate from the "acquit-first" rule (see People v Helliger, 96 NY2d 462 [2001]; People v Boettcher, 69 NY2d 174 [1987]), and allow the jury, which had submitted two deadlock notes as to the top charge of murder in the second degree, to consider the lesser included count of manslaughter in the first degree without first reaching a not guilty verdict on the higher charge. We need not decide whether, as the People argue, counsel's choice categorically cannot be deemed professionally unreasonable because the procedure the court made available was clearly contrary to New York law. Rather, we find that the choice [*2]counsel faced was quintessentially a judgment call, involving a significant measure of instinct and intuition, and therefore that the course chosen cannot be deemed to lack any objectively reasonable strategic basis. For example, counsel could reasonably have believed, as the court indicated it did, that there was some possibility of acquittal on all counts if the course of deliberations was not interrupted by an instruction authorizing departure from the acquit-first rule. In any event, defendant has likewise failed to establish ineffective assistance of counsel under either the state or federal standard.
To the extent that, on his direct appeal from the judgment, defendant is separately arguing that one or both of his statements should have been suppressed, that claim is unpreserved and we decline to review it in the interest of justice.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK